Michael Mutawally Cooperwood
C-46411 DI-214
P.O. Box 7500
Crescent City, Calif. 95532

IN PROPRIA PERSONAM

**FILED**

NOV 13 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

RECEIVED

07 NOV 13 PM 1:34

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATE DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Michael Mutawally Cooperwood

Plaintiff,

vs.

Robert Tilton/Secretary California Department
of Corrections and Rehabilitation (C.D.C.R),
Robert Sillen/California Prison Health Care
Receiver Corporation, Robert A. Horel/Warden
Pelican Bay State Prison, C. Scavetta/Deputy
Warden Pelican Bay State Prison, M.C. Sayre/
Chief Medical Officer Pelican Bay State
Prison, S. Risenhoover/Registered Nurse(RN)
Pelican Bay State Prison, J. Flowers/Registered
Nurse Pelican Bay State Prison, Bob McKinney/
Plant Operations Supervisor of Building Trades
Pelican Bay State Prison  D. Melthor DI-Unit
Floor Officer Pelican Bay State Prison
M. Cuthbertson DI-Unit Control Booth Officer
Pelican Bay State Prison.

Amended Complaint

Civil Action No. C-07-5417

Civil Action Complaint
Violations Under ~
§ 1983 The Eighth
and Fourteenth Amendments
of The United State
Constitution ----

1.)_   Please Take Notice That On This date: October 31 2007

(i)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

1. The Plaintiff Michael Mutawally Cooperwood, Motion This Honorable
2. Court Of The Northern District Of California , To hear The
3. above - Entitled AMENDED COMPLAINT Civil Action NO. C-07-5417.
4. The Amended Complaint Is based upon The grounds, Facts,
5. Evidence, Witness, declarations, and Other Records Filed
6. or/will be Filed In This action.

       2.) Plaintiff Michael Mutawally Cooperwood, Is
8. a State Prisoner Proceeding In Propria Personam, and
9. has Filed The Civil Action No. C-07-5417, Pursuant To
10. 42 U.S.C. § 1983, Together with a Request To Proceed
11. In Forma Pauperis .

       3.) The Civil Action, was originally brought
13. as a Class Action. Plaintiff, however Is a Non-Lawyer
14. Proceeding without Counsel. It Is well Established
15. That a Layperson Cannot ordinarily Represent The
16. Interests Of a Class . See : Mcshane Vs. United States,
17. 366 F.2d 286 (9th Cir. 1966). This Rule Is absolute When,
18. as here, The Putative Class Representative Is himself
19. Incarcerated and Proceeding Pro Se .

       4.) Plaintiff, Cannot" Fairly and adequately
21. Protect The Interests Of The Class", as Required by
22. Fed. R. Civ. P. 23 (a) (4). Therefore Plaintiff Prays That
23. This Court will Not Construe Civil Action NO. C-07-5417
24. as a Class Action, but Instead Construe Plaintiff
25. AMENDED COMPLAINT as an Individual Civil Suit Thats
26. brought by Plaintiff .

       5.) The AMENDED COMPLAINT, will demonstrate
28. how The Conditions Complained Of have Resulted In

( ii )

1. a deprivation of Plaintiff's Constitutional Rights, and
2. Show In Specific Terms how Each Named defendant
3. Is Involved are share some affirmative Connection
4. between a defendant's actions and The Claimed list
5. of deprivations.

6.) This AMENDED COMPLAINT, IS IN accordance
7. To The Court Local Rule 220 Requiring That an amended
8. Complaint be Complete IN ITself without Reference
9. To ANY Prior OR Superseded Pleading. Once Plaintiff
10. Files an amended Complaint The ORIGinal Complaint
11. No LONGER SERVES ANY FUNCTION, The Class Action has
12. are/No LONGER SERVES ANY FUNCTION, INSTEAD Construe
13. Plaintiff Amended Complaint as an Individual
14. Civil Suit brought by Plaintiff.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

- CONTENTS -

PAGES

Take Notice _ _ _ _                                    i To iii

Preliminary Statement _ _ _ _                          i To 2

Jurisdiction _ _ _ _                                   4

Plaintiff _ _ _ _                                      5 To 6

Defendants _ _ _ _                                     7 To 13

Civil Action Allegations _ _ _ _                       13 To 14

Introduction of Facts _ _ _ _                          14 To 17

Facts Pertaining to Defendants _ _ _ _                 18 To 19

Legal Claims _ _ _ _                                   20 To 23

Causation _ _ _ _                                      23

Prayer For Relief _ _ _ _                              23 To 25

Exhibit "A"
Plaintiff Civil Action Administrative
Appeal Dated: 12-14-06  IAB Case No: 065D02
Legal Log No: 06-01710

( 1. )

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

<u>PRELIMINARY STATEMENT</u>

7.) This Civil Action Complaint Is Filed on behalf of Plaintiff <u>Michael Mittawally Cooperwood</u>, a Prisoner who Is housed Inside The Security Housing Unit (SHU) at Pelican Bay State Prison, Crescent City California. Plaintiff, alleges The defendants are Indifferent To <u>DI-D Section</u> Prisoners Medical Needs as a Result of a Small Contaminated Plexi-glass Covering, That Is Located on The Exercise Yard. The Plexi-glass Covering was Placed over/above a One-Man Exercise Yard In The Year of -1989-. The (SHU) Exercise Yard open In The Year of -1989- and The Plexi-glass has Never been Dismantle For Maintenance, Steam-Cleaning, are Replacements, as a Result of The Neglect. The Plexi-glass has Grown Seventeen Years <u>17</u> of Fungous, Bacterias, and other unidentified Foreign Containments, which Is Continuously blowing In The Air, The Air Vents and Covering The Yard Floors and Walls.

8.) The Fungous and Bacterias, are Causing <u>DI-D Section</u> Residence To Experience Various Type of life-Threatening ailments. Plaintiff, Is Experiencing (A.) <u>Asthmatic Attacks</u>, (B.) <u>Headaches</u>, (C.) <u>Shortness of Breath</u>, (D.) <u>Insomnia</u>, (E.) <u>Exhaustion</u>, (F.) <u>Allergies</u> (G.) <u>Fevers</u>, (H.) <u>Vomiting</u> and (I.) <u>Vision Impairment</u>. Plaintiff, are Informed and believe The Subject of The Internal Complaints of deliberate cruel dehumanizing and Inhumane living Conditions Inside The Security Housing Unit (SHU)

1. Is a result of the lack of general maintenance repair
2. work, and the lack of inspection performance on the
3. buildings interior and exterior structure.

4.       9.) Plaintiff, are informed and believe the
5. complaints of <u>Medical Negligent</u>, is the result of
6. the lack of medical care provided by defendants, a
7. deliberate indifference to serious <u>Medical Needs</u>
8. of prisoners (violates), the Eighth Amendment. The
9. prisoners are utterly dependent upon their custodians,
10. thus, the Eighth Amendment forbids not only deprivation
11. of medical care that produce physical torture, and
12. lingering death, but also less serious denials which
13. cause or perpetuate pain.

14.       10.) Although living inside the Security Housing
15. unit (SHU), and of itself is not unconstitutional,
16. (assuming that the procedural due process rights are
17. provided), if the living conditions of confinement
18. become indecent inhumane, the courts shall not
19. hesitate to find defendants in violation of the
20. prohibition against cruel and unusual punishment.

21.          In this instant complaint I call upon
22. this honorable court of the Northern District of
23. California, to decide as whether several important
24. aspects of law conclude the (SHU) <u>living conditions</u>
25. and <u>Medical Negligent</u> inside Pelican Bay State Prison
26. D1-D section as cruel and unusual punishment.

27.

28.

PELICAN BAY STATE PRIS[...]
SECURITY HOUSING UNI[...]
UNIT D-1

11.)        <u>JURISDICTION</u>

This Civil Action seeking declaratory and
injunctive relief is brought pursuant to 42 U.S.C. § 1983.
In That Plaintiff <u>Michael Mitamally Cooperwood</u>, have
been and continue to be deprived of his Rights Secured
by the United States Constitution. The Court has jurisdiction
under 28 U.S.C. Sec. 1343. Plaintiff, seek declaratory
Relief pursuant to 28 U.S.C. Secs. 2201 and 2202.


12.)        <u>VENUE</u>

Venue is proper under 28 U.S.C. § 1391(b),
in That One or more of The Defendants Reside in
The Northern District of California and the Plaintiff,
Claims for Relief arose in This district. Plaintiff,
is a Prisoner currently assigned to the Security
Housing Unit (SHU) at Pelican Bay State Prison in
the State of California.

(4.)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Plaintiff

(13.) Plaintiff's Is a Prisoner Currently assigned To Pelican Bay State Prison In The State of California.

Plaintiff's Michael Mutawally Cooperwood Is a Prisoner of The State of California In The Custody of The California Department of Corrections - and Rehabilitation (CDCR). Plaintiff Is Currently Confine at Pelican Bay State Prison (PBSP), and housed within The Security Housing unit (SHU) and Is Serving an Indeterminate (SHU) Sentence.

(14.) Plaintiff's Michael Mutawally Cooperwood, Contends he Is being Subjected To Medical Negligent as a Result of The Lack of Medical Care Provided by defendant's. Plaintiff, Is Suffering Chronic Asthmatic Attacks, Headaches, Shortness of Breath, Insomnia, Exhaustion, Allergies, Fevers, Vomiting, and Vision Impairment lost. Plaintiff's, Contends his Ailments Is Caused by a Contaminated Plexi-Glass Covering on D1-D Section Exercise Yard. The Plexi-Glass Covering was Placed over/above a One-Man Exercise Yard, In The Year of -1989- and has grown Seventeen Years 17 of Fungous Bacterias and other Unidentified Foreign Containments which Continuously blows In The Air, The Air Vents, and Covers The Yard Floors, and Walls.

(15.) Plaintiff Michael Mutawally Cooperwood, Contends defendants are Subjecting him To deliberate

(5.)

1. cruel dehumanizing and Inhumane living Conditions
2. as a Result of The Lack of General Maintenance
3. Repair work, Cleaning, Inspection Performance on The
4. building Interior, and Exterior Structure. It Is believed
5. These Air Borne and Blood Borne Particles Could
6. be kin To (A.) Methicillin-Resistant Staphylococcus
7. Aureus "MRSA", (B.) Norovirus (C.) Legionnaire's
8. disease, (D.) Meningits, or (E.) Valley Fever. Each of
9. These are Air Borne and Blood Borne Particles That
10. Spreads Quickly In Crowed Populations and Small
11. Enclosed housing Spaces. The Prisoners are Utterly
12. dependent upon Their Custodians For Maintenance
13. Repair work, Cleaning The building Interior, and
14. Exterior Structure.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

III. DEFENDANTS

16.) Defendants are agents, officials, or employees of the State of California Department of Corrections and Rehabilitation (CDCR).

17.) Defendant Robert Tilton, is the Secretary of the California Department of Corrections and Rehabilitation (CDCR). In the capacity of Secretary Mr. Robert Tilton, is responsible for the administration and application of (CDCR) State-wide prison policies. He, is ultimately responsible for the operation of all California State Prisons facilities, including decisions concerning staff deployment and training that directly affect Plaintiff's abilities to be safe from the unwarranted use of any life-threatening and safety hazards. With respect to prison procedures, he's responsible for Plaintiff's to be able to obtain adequate medical care, access to the Courts and counsel, to obtain due process and not to be subjected to dehumanizing or inhumane housing conditions. California Penal Code § 673, 2652, 2653, 2656 / Penal Code § 5054, 5058

18.) Defendant Robert Sillen, is the Federal Receiver of California Prison Health Care Receiver Corporation. In the capacity of the Federal Receiver of Prison Health Care Mr. Robert Sillen, is responsible for the administration and application of (CDCR) State-wide prison medical policies. He, is ultimately responsible for the medical operation of all California Prison facilities,

( 7. )

1. Including decisions concerning Medical staff deployment
2. and training discipline which directly affect Plaintiff's
3. abilities to be safe from the unwarranted use of any
4. life-Threatening safety hazards. With Respect To The
5. Medical Procedures, he's Responsible For Plaintiff's to be
6. able to obtain adequate Medical care to obtain due
7. Process and not be Subjected To dehumanizing or inhumane
8. housing conditions. California Penal Code § 637, 2652, 2653, 2656.
9.
10.        19.) Defendant Robert A. Horel is the current
11. Warden at Pelican Bay State Prison (PBSP). In The capacity
12. of (PBSP) Warden Mr. R. A. Horel, is legally Responsible For
13. The operation of (PBSP) and for the welfare of all the
14. inmates of that Prison. He, is ultimately Responsible for
15. The decisions concerning staff deployment and training
16. that directly affect Plaintiff's abilities to be safe
17. from the unwarranted use of any life-Threatening
18. and safety hazards. With Respect To (PBSP) Procedures,
19. he's Responsible For Plaintiffs to be able to obtain
20. adequate medical care access to the courts and
21. Counsel To obtain due Process and not to be Subjected
22. To dehumanizing or inhumane housing conditions.
23.
24.        20.) Defendant C. Scavetta is the current
25. Associate Warden at (PBSP). In The capacity of Associate
26. Warden Mr. C. Scavetta is legally Responsible For
27. assisting The Warden at (PBSP) with the operation of
28. The Entire Prison, including the Security Housing Unit, He,

( 8.)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

1. Is Responsible For decisions Concerning Staff deployment and
2. Training That directly affect Plaintiffs abilities To be Safe
3. From The unwarranted use of any life-threatening and
4. Safety hazards. With Respect To (PBSP) Procedures, he Is
5. Responsible For Plaintiffs To be able To obtain adequate Medical
6. Care access To The court and Counsel To obtain due Process
7. and Not To be Subjected To dehumanizing or Inhumane
8. housing Conditions.
9.
10.          21.) Defendant M.C. SAYRE Is The Current
11. Chief Medical Officer at Pelican Bay State Prison (PBSP).
12. In The Capacity of Chief Medical Officer MR. M.C. Sayer Is
13. legally Responsible For The Medical Needs, Operations
14. For The Welfare of all Inmates at Pelican Bay State
15. Prison. He, Is Ultimately Responsible For The decisions
16. Concerning Medical Staff deployment and Training That
17. directly affect Plaintiffs abilities To be Safe From
18. The unwarranted use of any life-threatening and
19. Safety hazards. With Respect To (PBSP) Medical Procedures
20. The Chief Medical Officer Is Responsible For Plaintiffs
21. To be able To obtain adequate Medical Care access
22. To The System For Treatment and Medical Services, due
23. Process and Not To be Subjected To dehumanizing or
24. Inhumane housing Conditions. California Penal Code § 637, 2652, 2653,
    2656.
25.
26.          22.) Defendant Sue Risenhoover Is The Current
27. Registered Nurse (RN) at Pelican Bay State Prison (PBSP).
28. In The Capacity of (RN) MRS. S. Risenhoover, Is legally

(9.)

1. RESPONSIBLE FOR THE MEDICAL NEEDS, OPERATIONS FOR THE WELFARE
2. OF ALL INMATES AT PELICAN BAY STATE PRISON. SHE IS ULTIMATELY
3. RESPONSIBLE FOR THE DECISIONS CONCERNING DEPLOYMENT
4. AND TRAINING OF THE MEDICAL STAFF HOUSED INSIDE THE
5. SECURITY HOUSING UNIT (SHU), THAT DIRECTLY AFFECT THE
6. PLAINTIFF'S ABILITIES TO BE SAFE FROM THE UNWARRANTED
7. USE OF ANY LIFE-THREATENING AND SAFETY HAZARDS. WITH
8. RESPECT TO (PBSP) MEDICAL PROCEDURES THE REGISTERED NURSE
9. IS RESPONSIBLE FOR PLAINTIFF'S TO BE ABLE TO OBTAIN
10. ADEQUATE MEDICAL CARE ACCESS TO THE SYSTEM FOR
11. TREATMENT AND MEDICAL SERVICES, DUE PROCESS AND NOT
12. TO BE SUBJECTED TO DEHUMANIZING OR INHUMANE HOUSING
13. CONDITIONS. CALIFORNIA PENAL CODE § 637, 2652, 2653, 2656.

14.

15.          23.) DEFENDANT  J. FLOWER'S IS THE CURRENT
16. REGISTERED NURSE (RN) AT PELICAN BAY STATE PRISON (PBSP).
17. IN THE CAPACITY OF (RN)  MR. J. FLOWER'S  IS LEGALLY
18. RESPONSIBLE FOR THE MEDICAL NEEDS OPERATIONS FOR THE WELFARE
19. OF ALL INMATES AT PELICAN BAY STATE PRISON. HE, IS ULTIMATELY
20. RESPONSIBLE FOR THE DECISIONS CONCERNING DEPLOYMENT AND
21. TRAINING OF THE MEDICAL STAFF HOUSED INSIDE THE
22. SECURITY HOUSING UNIT (SHU), THAT DIRECTLY AFFECT THE
23. PLAINTIFF'S ABILITIES TO BE SAFE FROM THE UNWARRANTED
24. USE OF ANY LIFE-THREATENING AND SAFETY HAZARDS.
25. WITH RESPECT TO (PBSP) MEDICAL PROCEDURES THE REGISTERED
26. NURSE IS RESPONSIBLE FOR PLAINTIFF'S TO BE ABLE TO OBTAIN
27. ADEQUATE MEDICAL CARE ACCESS TO THE SYSTEM FOR
28. TREATMENT AND MEDICAL SERVICES DUE PROCESS AND NOT

1. be subjected to dehumanizing or Inhuman Housing

2. Conditions. California Penal Code § 637, 2652, 2653, 2656.

3.

4.        24.) Defendant Bob McKinney    Is The Current

5. Plant Operations Supervisor of Buildings Trades (POSBT), at

6. Pelican Bay State Prison. In The Capacity of (POSBT)

7. Mr. B. McKinney   Is legally Responsible For The Prison

8. Maintenance and Repair Work. He, Is ultimately Responsible

9. For The decisions Concerning deployment and Training

10. Of The Maintenance and Repair staff  Inside The

11. Security Housing unit (SHU) That directly affect The

12. Plaintiff's abilities To be safe From The Unwarranted

13. use of any life-threatening and safety hazards. The

14. (POSBT) Is Responsible For Plaintiffs To be able To

15. obtain due Process and not To be Subjected To a

16. dehumanizing or Inhumane housing Conditions.

17.

18.        25.) Defendant D. Methfor   Is The Current

19. Correctional Officer For (CDCR) D1- Security Housing

20. unit (SHU) at Pelican Bay State Prison. In The Capacity

21. Of Correctional Floor Officer Mr. D. Methfor   Is legally

22. Responsible For decisions Concerning D1- D Pod ,

23. abilities To be Safe From The Unwarranted use of any

24. life-Threatening and safety hazards. The Correctional

25. Floor Officer Is Responsible For Plaintiffs To be able

26. To obtain due Process and not To be Subjected To

27. dehumanizing or Inhumane housing Conditions.

28.

(11.)

SECURITY HOUSING UNIT
UNIT D-1

26.) Defendant M. Cuthbertson Is The Current Correctional Officer For (CDCR) D1- Security Housing Unit (SHU) at Pelican Bay State Prison. In The Capacity Of Correctional D1- Control Officer Mr. M. Cuthbertson Is legally Responsible For decisions Concerning D1-D Pod abilities To be Safe From The unwarranted Use of any life - Threatening and Safety hazards. The Correctional D1- Control Booth Officer Is Responsible For Plaintiffs To be able To Obtain due Process and not To be Subjected To dehumanizing OR Inhumane housing Conditions.

27.) Defendants 16 To 26 are Each Responsible In Some Manner For The Constitutional Violations and damages to Plaintiff alleged herein. To The best of Our Knowledge 16 To 26 are The True names and Capacities of The defendants. Plaintiffs Is Informed and believes and Therefore alleges on Information and belief That Each defendant Is Responsible In Some Manner For The Constitutional Violations and damages To Plaintiff alleged herein. Each defendant Is Sued Individually and In his or her Official Capacity. Defendants, at all Times Mentioned herein/ acted under The Color Of California Law.

28.) Plaintiffs are Informed and believe That Each of The Kinds of Conduct Complained of herein are The Subject Of Internal Prison Complaints of Medical Negligent,

(12.)

1. and deliberately cruel dehumanizing and Inhumane living
2. conditions Inside The Security Housing Unit (SHU) at Pelican
3. Bay State Prison. These complaints has been Reviewed
4. by The Warden, Chief Medical Officers, CDCR Correctional
5. Staff and Sacramento. Defendants Nevertheless have
6. failed to correct These Inhumane living conditions, and
7. In fact condone Them.

8.

9. IV.  CIVIL ACTIONS ALLEGATIONS

10.

11.        29.) This action Is brought as a CIVIL action
12. Pursuant to Rule 23(b)(1) and Rule 23(b)(2) of The Federal
13. Rules of Civil Procedure.

14.        30.) Plaintiff's are Representative Parties of
15. a Class composed of Security Housing Unit Prisoners (SHU)
16. at Pelican Bay State Prison, who are now or who In The
17. Future will be housed In D-Unit D-Pod under The Supervision
18. of The administrators of The Pelican Bay State Prison.

19.        31.) The Class Is Numerous That Joinder
20. of all Members of The Class Is Impractical, Plaintiffs,
21. currently listed ____ consist of Those Prisoners Presently
22. housed In D-Unit D-Pod and noted: The housing Unit
23. Population Changes Frequently.

24.        32.) Defendants' deliberate Indifference
25. to The Inadequate Provision of D-Pod living conditions
26. and The Medical Negligent of failing to Provide care,
27. has Raisen questions of Law and fact common to The
28. Class members as a Whole.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

33.) Claims Made by The Plaintiff Regarding The denial of Constitutional Rights are generally applicable To The Class as a whole.

34.) Plaintiffs Is a member. of The Class and Their Claims are Typical of all Class members. upon Information and belief Conditions described In This Complaint are common To all Prisoners Housed In D-unit D-Pod at Pelican Bay State Prison. Plaintiffs, seeks Representation by competent Counsel who will Fairly and adequately beable To Represent The Interests of The Class as a whole.

35.) Since The Class Is Numerous and D1-unit D-Pod Population Changes Frequently, Separate actions by Individuals would In all likelihood Result In Conflicting and Incompatible Standards of Conduct for The defendants.

36.) The defendants have acted or have Refused to act on grounds generally applicable to The Class, Thereby Making Final Injunctive and declaratory Relief with Respect To The Class as a whole.

V. INTRODUCTION OF FACTS

37.) This action arises From The defendants Practices acts and/or Policies which have Caused The Plaintiffs To be wrongly Placed and Retained Inside The (SHU) D1-unit D-Pod, where living Conditions of Confinement has become Indecent and Inhumane. Plaintiffs, are deliberately and Continuously being Subjected To a

(14.)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

1. life-Threatening health and safety as a
2. Result of a small Contaminated Plexi-Glass Covering Thats
3. located on D-Unit D-Pod Exercise Yard. The Prison Cells
4. and Exercise Yards are Very small Enclosed Confine
5. spaces with Inadequate air and Ventilation, made
6. worser by The daily Flying Pollen, Dead bugs, moldings and
7. other Foreign Containments which Is Causing The D1-Units
8. Residence to Experience Various Kinds of life-Threatening
9. ailments Severe Asthma attacks, Headaches, Allergies,
10. Shortness of Breath, Insomnia, Exhaustion, Vomiting,
11. Fevers, and Vision Impairments.
12.            38.) On or about January -2006- defendants
13. Open a New Security Housing Units D1-To-D4, These 4-Buildings
14. were specifically To house a group of Prisoners Known as
15. The Indeterminate Class. These Prisoners are serving
16. a Indeterminate (SHU) Term which means They would
17. Remain In The Security housing units D1-To-D4 For The
18. duration of Their Prison Term unless They Parole, Died,
19. Debrief, or go Insane.
20.            39.) Plaintiff's, Contents That upon arrival
21. Inside D1-DPod housing It became Evident That There
22. was a serious Need For maintenance Repair work. The
23. unit appear To have not had general maintenance services
24. are Inspection Performed On The Following Interior
25. and Exterior Systems A.) Heating, B.) Vent. Lation System,
26. C.) Plumbing D.) water line, E.) waste line, F.) Showers
27. G.) Toilets H.) Electrical outlets, I.) Exercise Yard
28. Contaminated Plexi-Glass, and J.) Drainage System.

( 15.)

# PELICAN BAY STATE PRISON
## SECURITY HOUSING UNIT
### UNIT D-1

40.) Plaintiffs, Contents That D1-D Pod Exercise Yard Reveal a Contaminated Plexi-glass Covering, The Covering was Placed Over/above a Small 1-MAN Exercise Yard In The Year -1989- The Time D1-D Pod Was OPEN.

41.) The Maintenance Personnel, has Never Dismantle, Replaced, or Steam-Clean The Plexi-glass Covering On The D-Pod Exercise Yard In The Past Seventeen 17 Years.

42.) As a Result The Plexi-glass Covering, has Grown a Thick Fungous bacteria Type Of Organism and Other Foreign Containments, which Continuously blows In The Air and Covers The Yard Walls and Floor.

43.) The Thick Fungous bacteria and Other Foreign Containments are Causing D1-D Pod Residence To Experience Various Type Of life-Threatening ailments, A.) Asthmatic Attacks, B.) Headaches, C.) Shortness Of Breath, D.) Allergies, E.) Insomnia, F.) Exhaustion, G.) Vomiting, H.) Fevers, and I.) Vision Impairments.

44.) Plaintiffs, are Informed and believe The Complaints Of Medical Negligent Is a Result Of The lack Of Medical Care Provided by defendants.

45.) Plaintiffs, are Informed and believe The Subject Of The Internal Complaints Of The deliberate Cruel dehumanizing and Inhumane living Conditions Inside The Security Housing Unit (SHU), Is a Result Of The Lack Of General Maintenance Repair work, and Their lack Of Inspection Performance On The building Interior and Exterior Structure.

(16.)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

46.) Defendants, are Callously Indifferent to Plaintiffs Repeated Requests for Medical care and general Repair Maintenance Services.

47.) Plaintiffs, is Required to spend Twenty-two and one-half hours Per day in Their Cells, and 1½ hours on a small bare 1-Man Concrete Exercise Yard. The Exercise Yard has a Twenty-Foot High Opening Opaque Ceiling That block out direct light.

48.) There is a Plexi-Glass which Partially Covers The Exercise Yard Ceiling, and has oppressively grown a Thick Fungous, Mold, and Other Containments Foreign Matters, over its Surface, Yard Floor and Walls.

49.) The Pelican Bay State Prison (PBSP), and it's Maintenance staff has Inappropriately fail To do The Requested Maintenance Reaie Work Needed In Di-D Pod, as a Result Plaintiffs are Experiencing serious health Related Illnesses.

50.) On The 6-14-06 a Work Order was Submitted To Maintenace Personnel, by: Floor Officer D. Methtor, maintanace Supervisor B. McKinney Said Plant Operations staff does Not Clean Plexi-Glass as They do Not have The designated staff or Required Equip- To Complete Such a Task, The Plexi-Glass is Cleaned Each Year by The Copious amounts of Rain.

SEE: EXHIBIT "A"

Plaintiffs Class Action administrative Appeal Dated 12-14-06 IAB Case No: D605002, Local Log No: 06-01710.

( 17. )

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT

VI.   FACTS PERTAINING TO DEFENDANTS

51.) Although segregation in and of itself is not unconstitutional (assuming that the Procedural due Process Rights are provided), if the conditions of confinement become indecent inhumane, the courts shall not hesitate to find defendants in violation of the prohibition against cruel and unusual punishment. In this instant complaint we call upon the courts to decide as whether several important aspects of law conclude the Living Conditions and Medical Negligent inside Pelican Bay State Prison D1-DPod as cruel and unusual punishment.

52.) Noting that "deliberate indifference to serious Medical Needs of prisoners (violates) The Eighth Amendment," the inmates are utterly dependent upon their custodians, Thus, The Eighth Amendment forbids not only deprivations of Medical Care That Produce Physical torture and lingering death, but also less serious denials which cause or perpetuate pain.

53.) The most often-used source of law for challenging Living Conditions is the Eighth Amendment, which holds That Conditions of confinement must be Reasonably related to Rehabilitation or serve a legitimate Penological purpose. Although the defendants argue That The plaintiffs are adequately housed, The Eighth Amendment holds To The Prisoner as a human being and finds a violation Exists where Inhumane Living Conditions Produces a

(18.)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

1. unhealthy Living Environmental, Safety hazards.

2.

3.

4.    54.) Defendants, have no Legitimate Penological

5. Interest In Prohibiting Plaintiffs From Receiving due

6. Process by denying Plaintiffs Class Action administrative

7. appeal Dated 12-14-06, IAB Case NO: 0605002, LocalLog NO:

8. 06-01710.

9.

10.    55.) Defendants, have no Legitimate Penological

11. Interest In Prohibiting Plaintiffs From Receiving due Process

12. by Refusing D1-DPod Residence General Maintenance Services

13. on Its Interior and Exterior Systems A.) Heating System,

14. B.) Ventilation System, C.) Plumbing System, D.) Water Lines,

15. E.) Waste Lines F.) Showers G.) Toilet System H.) Electrical

16. Outlets I.) Exercise Yard Contaminated Plexi-Glass, and

17. J.) Drainage System.

18.

19.    56.) Defendant's have a Custom and Policy of

20. Maintaining a Code of Silence an unwritten but widely

21. understood code designed To Encourage Prison Employees To

22. Remain silent Regarding The Improper behavior of Their

23. Fellow Employees. As a Result of Their Failure To Train

24. Subordinate and Their active Opposition To Investigations

25. of Wrongdoing by Officers Supervisory defendants have

26. Ratified and Perpetuated This Practice and Policy.

27.

28.

PELICAN BAY STATE PRISON

~~VII. LEGAL CLAIMS~~ ~~SECURITY HOUSING~~ UNIT

UNIT D-1

FIRST CAUSE OF ACTION

( Cruel and unusual Punishment - Deliberate Indifference

To Inhumane Conditions In The SHU D1-D'Pod, The

maintenance and Care of Prisoners )

57.) Plaintiffs, Realleges and incorporates by Reference
The allegations Contained In all Previous Paragraphs.

Defendants, have violated Plaintiffs Eighth Amendment
Rights by Their deliberate Indifference To Plaintiffs Physical
and Mental well-being when defendants are and were
aware of The Inhumane living Conditions That Plaintiffs
has been Exposed To In SHU D1-D'Pod since January 2006.
when Inhuman or barbaric living Conditions are dis-
covered The Courts shall Not hesitate To Enter The Breach
and Order Remedial measures.


SECOND CAUSE OF ACTION

( Cruel and unusual Punishment - Denial of Medical

Care and Treatment )


58.) Plaintiffs, Realleges and incorporates by Reference
The allegations Contained In all Previous Paragraphs.

Defendants, have violated Plaintiffs Eighth
Amendment Rights and Fourteenth Amendment Rights,
by Maliciously and Sadistically denying Plaintiff's
There basic Rights To adequate Medical Care
and Treatment.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

THIRD CAUSE OF ACTION

(Cruel and Unusual Punishment - Denial and Cold
Hearted, Casual Unwillingness To Investigate
The Containments upon Di-Pod Exercise
Yard)

59.) Plaintiffs, Realleges and Incorporates by
Reference The allegations Contained In all Previous
Paragraphs.

Defendants, have Violated Plaintiffs Eighth
Amendment Rights and Fourteenth Amendment Rights,
by Maliciously and Sadistically denying Plaintiffs
There basic Rights To a Safe and Humane Exercise
Yard, Free From Contamination and Illnesses.

FOURTH CAUSE OF ACTION

(Eighth and Fourteenth Amendments)

60.) Plaintiffs, Realleges and Incorporates by Reference
The allegations Contained In all Previous Paragraphs.

Defendants, have Violated Plaintiffs Eighth
Amendment Rights and Fourteeth Amendment Rights
by Intentionally Inflicting Pain and Suffering upon
Plaintiffs denying access to Medical Care or Interfere
with Prescribed Treatment, Making Unecessary Suffering
Inevitable.

(21.)

~~FIFTH CAUSE OF ACTION~~ PELICAN BAY STATE PRISON
(Failure To Lawfully Administer Policies) SECURITY HOUSING UNIT
and Supervising) UNIT D-1

61.) Plaintiff's Realleges and Incorporates by Reference all Previous Paragraphs of This Complaint.

Defendants, are Supervisories That have a duty To Establish Policies and Procedures For The administration of Pelican Bay State Prison. Supervisory defendants, have a duty To Perform and Execute Their duties In a Manner Consistent With State and Federal Law. Supervisory defendants, have a duty To Train and Supervise Subordinate Employees.

The Defendants, System of Underground Regulations being Executed In D1-D Pod Violate Plaintiff's Rights as described In The Preceding Causes of Action.

The Defendants, System of Recently Promulgated Regulations Violates Plaintiff's Rights as described In The Preceding Causes of Action.

Defendants, Supervisory were deliberately Indifferent To The Violations of Plaintiff's Rights described herein.

Defendants, Supervisory breached Their duties To legally administer The Prison and To Train and Supervise Subordinate where Plaintiff's Rights were Violated as Result of The Enforcement of These Underground Regulations and Official Customs and Policies.

Defendants, Supervisory breached Their

(22.)

1. duties to legally administer the prison and to train and
2. supervise subordinates where plaintiffs rights were
3. violated as result of defendants acting in violation of
4. defendant's policies and practices to the extent supervisory
5. defendants had actual and constructive knowledge of
6. the violations and did nothing to prevent or correct
7. them.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

## VIII. CAUSATION

11.    62.)    As a direct and proximate result of the
12. aforementioned acts and omissions on the part of
13. defendants, Plaintiff's has suffered Medical Negligent
14. and Cruel Inhumane Living Conditions and continues
15. to suffer general and special damages in an amount
16. to be proven at trial. Plaintiffs, has no plain adequate
17. or complete remedy at law to redress the wrongs
18. described herein. Plaintiffs has been and will
19. continue to be irreparably injured by the conduct
20. of defendants unless the court grants the declaratory
21. and injunctive relief which Plaintiffs seeks.

## PRAYER FOR RELIEF

25.    63.)    Wherefore, Plaintiff's respectfully prays
26. for the following relief:

28.    1.) A declaratory judgment that the defendants

(23.)

acts and Practices described by Plaintiff's
rights as herein stated.

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

2.) A Preliminary and Permanent Injunction which Prohibits, and requires that defendants, their agents, employees/and successors : (i) cease the <u>Medical Negligent</u> taking place at Pelican Bay State Prison, specifically to those residence housed in <u>D1-D-Pod</u> . (ii) cease the inhumane living conditions in <u>D1-D-Pod</u> that its residence has been exposed to since <u>January - 2006</u> .

3.) Cease the Practice of Placing Plaintiffs on Exercise Yard with Contaminate Plexi - Glass. require that defendants their agents employees/and successors : (i) Dismantle ,(ii) Replace ,or (iii) Steam - Clain Plexi - Glass.

4.) <u>Compensatory</u> damages of <u>$100.00</u> a day for Plaintiff's who has been housed inside of <u>D1-D-Pod</u> since January - 2006 - to the Present, to be Jointly Payed by each defendant.

5.) <u>Compensatory</u> damages of <u>$50.000</u> from any defendant found to have Intentionally denied Plaintiff's their rights .

6.) <u>Compensatory</u> damages to cover Plaintiff's Physical and Mental Suffering .

( 24. )

1.        7.) <u>PuNitive</u> damages of $100.000 from

2. any defendant found to have INTENTIONALLY denied the

3. Plaintiff's Their Rights

PELICAN BAY STATE PRISON
   SECURITY HOUSING UNIT
          UNIT D-8.) Plaintiff's Cost of Civil Complaint.

6.

7.        9.) For Costs and Reasonable attorney's

8. Fees Pursuant to 42 U.S.C. Section 1983 and any other

9. grounds authorized by Law.

10.

11.        10.) Trial by Jury.

12.

13.        11.) For Further Relief That The Court

14. deem Just.

15.

16.

17. Dated: Nov. , 2007

18.

19.        Respectfully Submitted

20.

21. _Michael Mutawally Cooperwood_
       Michael Mutawally Cooperwood
            C-46411 D1-214
             P.O. Box 7500
        Crescent City, Calif. 95532

23.

24.

25.

26.

27.

28.

(25.)

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1


EXHIBIT "A"


Plaintiffs Class Action Administrative
Appeal Dated: 12-14-06 IAB Case No: 0605002
Local Log No: 06-01710.


( 26. )

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT | PBSP
UNIT D-1
D06-01710

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Cooperwood, Michael  NUMBER: C-46411  ASSIGNMENT:  UNIT/ROOM NUMBER: D1-214

A. Describe Problem: This Collective Prisoner Class ~602~ Challenges The Health and Safety Hazard upon D1-D Pod Exercise Yard. The Contention State That The D1-Official Staff Is Knowingly Subjecting D-Pod To an Exercise Yard Which Is Potentially life-Threatening and a Serious Health Hazard To Those of Us Susceptible To Asthma attacks. The D1-Official Staff have Neglected To Take Care of The Long-Term maintenance (Cleaning) of D1-Yard Plexiglass, Which Is Now Inexplicably Filthy. The Plexiglass To Our Knowledge have Never been Clean Since The Prison SHU Open

If you need more space, attach one additional sheet. SEE additional sheet:

B. Action Requested: Acknowledge Emergency Grievance, have (Worker's Order) To Steam-Clean Plexiglass Now! as IT Effect The breathing of Asthma Medical Conditions, as well as Allergies.

Inmate/Parolee Signature: Michael Mutawally, Cooperwood  Date Submitted: 7-14-06

C. INFORMAL LEVEL (Date Received: 7-14-06 )
Staff Response: A work order was submitted to maintenence a month ago. I research the work order by calling maint. and was told by supervisor McKinney, it was denied and will not happen.

Staff Signature: D. Metzler -D1 Floor  Date Returned to Inmate: 7-17-06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.
I/we are dissatisfied by The maintenence McKinney denial, we would like for The Warden to come look at The Inexplicable Filthy Plexiglass In D1-D Pod Yard himself, To see If IT Needs a Steam-Cleaning are Replacement. The Maintenence McKinney Never Even Visit This Section, To see The Problem.

Signature: Michael Cooperwood  Date Submitted: 7-17-06
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.  CDC Appeal Number:

(27.)

PELICAN BAY STATE PRISON
— ATTached Sheet SECURITY HOUSING UNIT
UNIT D-1

CONTINUE: IN THE YEAR -1989- . The PlexiGlass has grown a
Thick Fungous over Its Covering, Showing a Plastic Substance
Type of Organic Matter, which Is believe To be accumulation
of Pollen, Bugs, Mold, Dander, Dust, and Other un-Identifying Particles
Some of us has Recognize a Serious Change In Our
Asthma Conditions, 1.) Feeling Breathless after Exercising
on DI-DPod Yard, 2.) Wheezing Coming on Suddenly within
afew hours after Yard, 3.) Waking at Night Wheezing and
Shortness of breath Thats Vary In Severity of Asthma attacks
The DI-Official Staff, have Ignore and Refused To Take
appropriate action To Our many Months of Requesting
a (work-Order) To have The PlexiGlass Steam-Cleaned . We
are Submitting This -602- as an ~~Emergency~~ ( Grievance
To have DI-DPod Plexiglass Steam Cleaned as IT Effects
The Breathing of Our Asthma Medical Conditions,
as Well as Allergies .

        Submitted : 7-14-06


        Plaintiffs Collectively swear under The Penalty of
Perjury That The Forgoing Is both True and Correct .

| Name | CDCR Number | Cell |
|---|---|---|
| 1.) Mutawally Cooperwood | C-46411 | D-214 |
| 2.) Bambari S. Kelly Andersen | D05765 | D-216 |
| 3. ___ A. Jubiate | J83189 | DI-215 |
| 4.) Carl K___ | J-81708 | D-I-213 |
| 5. M Williams | J-67958 | DI-115 |

PELICAN BAY STATE PRISON
1st Watch    SECURITY HOUSING UNIT
UNIT D-1

| Name | CDCR Number | Cell |
|------|-------------|------|
| Juan J. Vasquez | P36581 | 116 L |
| Jessie Farias | K-01358 | 116 U |
| Art Romo | T-63019 | 114 L |
| Gil 'ABRAL | C53273 | 113 L |
| Anthony Cabral | T 40419 | 113 U |

(29.)

10 - 26 - 06

Mrs. Sue Risenhoover

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

This Missive Is In Regards To The letter I

wrote To DR. SAYER   about D1 - D Pod Yard Plexi - Glass.

Maybe You Could git a Medical Staff To STOP

Into D1 - D Pop Yard and see whats Causing The Pod

To have So many Asthma Attacks.

ITs a Health Hazard!

Thank You -
        Michael Cooperwood
             C - 46412   D1 - 214

CUSTODy  ISSUE, NOT MEDICAL PER.
DR. SAYRE, — Blower R.N.
        (30.)

House Repair. PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Medical function. I have

No authority or ability to

make any changes in

the physical plant.

MC Sage

CMO

(31.)

( 32. )

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

10 - 21 - 06

Greetings! Dr. Sayre,

My Name Michael Cooperwood C-46411 D1-214 and I am writing This Communique To You Regarding a serious Problem we are having In D1-DPod with Asthma Attacks.

There Is a Health hazard On D1-DPod Exercise Yard, Thats Causing Inmates to have abnormal adverse affect on our Respiratory System after we Exercise On D1-DPod Yard. There Is a 17 Year Old Plexi-Glass That Covers a Portion of The Yard which The D1-Officials has Neglected To Take Care of The Long-Term Maintenance (Cleaning). This Plexi-Glass has Grown a Thick Fungous which appears to be Some Kind of Plastic Substance Type of Organic Matter. From This Matter The Air blows Onto The Yard Pollen, Mold Bug's, Dust and other Un-Identifying Particles.

Us with Asthma Conditions has Recognize a Change In Our Severity after Exercising On The Yard. Feeling Breathless, Wheezing Coming On Suddenly, Waking at Night Wheezing and Shortness of breath. We are Writing To You Dr. Sayre In hope of gitting You to Come To D1-DPod and look at The Exercise Yard Plexi-Glass, and have The Staff Take Oppropriate actions To Replace are Steam-Clean The Fungous, Pollen, Mold etc..

This Neglect Is a Violation of The Eighth Amendment To The U.S. Constitution, which Forbids Cruel and Unusual Punishment. Bringing The Medical System up To Constitional Standards Includes living Conditions and Exercise Yards Thats healthy.

Thank You and God Bless —    Michael Cooperwood

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: OCT – 4 2006

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

Inmate COOPERWOOD, C-46411
Pelican Bay State Prison
Facility D, Security Housing Unit
Building 1, Cell 214

RE:    WARDEN'S LEVEL DECISION                    APPEAL: DENIED
        APPEAL LOG NO. PBSP-D-06-01710           ISSUE: LIVING CONDITIONS

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). This appeal has been filed as a group appeal in accordance with the California Code of Regulations (CCR), Title 15, Section 3084.2(f).    B. Samples, Correctional Counselor II interviewed the inmate on September 27, 2006, at the Second Level of Appeal Review.

ISSUES

Inmate Cooperwood requests the plexi-glass covering the Security Housing Unit, Unit 1, 'D' Pod to be pressure washed.

FINDINGS

I

The inmate claims inmates housed in 'D' pod are subjected to unhealthy conditions when on the exercise yard due to the unsanitary condition of the plexi-glass that covers a portion of the yard since a thick fungus has grown over the plexi-glass and has had an adverse affect on the respiratory system of several inmates.

II

The inmate was advised at the First Level of Review that Plant Operations staff does not clean plexi-glass as they do not have the designated staff or required equipment to complete such a task.  The plexi-glass is cleaned each year by the copious amounts of rain.

III

The CCR, Title 15, Section 3084.1(a) allows an inmate to appeal any departmental policy which they can demonstrate as having an adverse effect upon their welfare.

DETERMINATION OF ISSUE

The plexi-glass was inspected at the Second Level of Review, but only dirt was recognized even at a time when there has not been any significant for several months.  The inmate alleges this residue is a thick fungus hazardous to one's health but provides no evidence to substantiate his claim that there has been an adverse affect to warrant an appeal, therefore, the APPEAL IS DENIED.

( 33 )

Supplement Page 2
Cooperwood, C-46411
Appeal # PBSP-D-06-01710

## MODIFICATION ORDER

No modification of this action or decision is required.

ROBERT A. HOREL
Warden

BDS # 40 9-27-06

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

(34.)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **DEC 1 4 2006**

In re:    Cooperwood, C-46411
          Pelican Bay State Prison
          P.O. Box 7000
          Crescent City, CA  95531-7000

IAB Case No.: 0605002          Local Log No.: PBSP 06-01710

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that the staff at Pelican Bay State Prison (PBSP) are inappropriately failing to clean the exercise yard that is located in D-Pod on Facility D. The appellant asserts that the yard is partially covered with a piece of Plexiglas and that this Plexiglas is covered with mold and other foreign matter. The appellant contends that due to the mold and other foreign containments he and other inmates are experiencing asthma attacks and other health related illnesses. The appellant requests that the PBSP staff clean, via a pressure washer, the Plexiglas that covers the yard.

**II   SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The informal reviewer noted that a work order was submitted; however, the maintenance staff disclosed that they do not clean Plexiglas that is twenty feet off of the ground. Additionally the reviewer noted that the Plexiglas is exposed to copious amounts of rain each year and that upon inspection only dirt was observed on the Plexiglas. The Second Level of Review (SLR) concurred with the informal and the First Level of Review and found that the appellant submitted no evidence that the Plexiglas is covered with mold. The SLR denied the appeal.

**III   DIRECTOR'S LEVEL DECISION:**   Appeal is denied.

   **A.   FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The institution has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The PBSP reviewers noted that upon inspection the Plexiglas was merely dirty and that there was not any mold or other hazardous containments present. The DLR notes the appellant contends that he and other inmates are suffering from medical conditions due to the Plexiglas; however, he has not presented any evidence of any medical conditions being attributed to the Plexiglas. The institution stated that the Plexiglas is exposed to the elements and is cleaned by the copious amounts of rain. The DLR finds that the actions by the PBSP staff are in compliance with the regulations that govern the counting of inmates. California Code of Regulations, Title 15, Section (CCR) 3084.1 (a) states "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." The DLR finds that the appellant has not presented any evidence that a dirty piece of Plexiglas that partially covers the yard has had any adverse effect upon his or other inmate's confinement. Therefore no relief is provided at the DLR.

   **B.   BASIS FOR THE DECISION:**
   CCR: 3000, 3001, 3084.1, 3084.2, 3380

   **C.   ORDER:** No changes or modifications are required by the institution.

(35.)

COOPERWOOD, C-46411
CASE NO. 0605002
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


*R. Manuel*

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
        Appeals Coordinator, PBSP

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT D-1

( 36. )

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5; 20 U.S.C. section 1746)

I, _M. Cooperwood_, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500; Crescent City, CA 95531.

On the _Nov._ day of _6_, in the year of 20 _7_, I served the following documents: (set forth the exact title of documents served)

_2 Copies of Civil Action Amended Complaint Case# C-07-5417 (Pages 80). (1.) One Copy Mailed to The Calif. Attorney General(s_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postaage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

| U.S. Northern Dist. of Ca. | Ca. Attorney General |
|---|---|
| U.S. Courthouse | 455 Golden Gate Ave. |
| 450 Golden Gate Ave. | Suite 11000 |
| San Francisco, Ca.  94102-3483 | San Francisco, Ca.  94102-3661 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _Nov._ day of _6_, 20 _7_.

Signed: _Michael Cooperwood_

(Declarant Signature)

Rev: 03/10/00