NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MUTAWALLY COOPERWOOD, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT TILTON, et. al.,<br><br>Defendants. | JF<br>No. C 07-5417 ~~RMW~~ (PR)<br><br>ORDER DISMISSING PLAINTIFFS WITHOUT PREJUDICE; DENYING PENDING MOTIONS TO PROCEED IN FORMA PAUPERIS<br><br>(Docket Nos. 15, 16) |

Plaintiffs, ten state prisoners at Pelican Bay State Prison proceeding pro se, filed this 42 U.S.C. § 1983 civil rights action. Thereafter, Plaintiff Cooperwood, the first-named Plaintiff, filed an amended complaint pertaining to himself only. The Court concludes that this action cannot proceed as a class action and will therefore dismiss all Plaintiffs without prejudice except for the named Plaintiff, Michael Cooperwood. The Court will DENY without prejudice the remaining Plaintiff's motions to proceed in forma pauperis (docket nos. 15, 16) as moot. The Court will review Plaintiff Cooperwood's amended complaint in a separate written order.

///

**DISCUSSION**

Plaintiffs filed this action as a "class action" against Pelican Bay State Prison ("PBSP") officials concerning the conditions of confinement at the prison. The prerequisites to maintenance of a class action are that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests. See Fed. R. Civ. P. 23(a). Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class). Therefore, this action cannot proceed as a class action. Plaintiff Cooperwood has filed an amended complaint with allegations pertaining to himself only. In his amended complaint, Plaintiff Cooperwood acknowledges that this action cannot proceed as a class action. Amended Complaint at ii-iii.

Accordingly, Plaintiffs Anderson, Vasquez, Eariaes, Romo, Gilbert H. Cabral. Jr., Anthony Cabral, Zubiate, Rosbrugh, and Williams are DISMISSED as Plaintiffs from this action without prejudice. Plaintiff Anthony Cabral's and Gilbert H. Cabral Jr.'s motions to proceed in forma pauperis (docket nos. 15, 16) are DENIED as moot. Plaintiff Cooperwood has been granted leave to proceed in forma pauperis in a separate written order. No filing fee is due for the remaining plaintiffs. The Court will review Plaintiff Cooperwood's amended complaint in a separate written order.

///
///
///

**CONCLUSION**

1. Plaintiffs Anderson, Vasquez, Eariaes, Romo, Gilbert H. Cabral. Jr., Anthony Cabral, Zubiate, Rosbrugh, and Williams are DISMISSED as Plaintiffs from this action without prejudice.

2. Plaintiff Anthony Cabral's and Gilbert H. Cabral Jr.'s motions to proceed in forma pauperis (docket nos. 15, 16) are DENIED as moot. Plaintiff Cooperwood has been granted leave to proceed in forma pauperis in a separate written order. No filing fee is due for the remaining plaintiffs, as they are dismissed from this action.

IT IS SO ORDERED.

DATED: 4/8/08

JEREMY FOGEL
United States District Judge