NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MUTAWALLY COOPERWOOD, et. al.,<br><br>         Plaintiff,<br><br>   v.<br><br>ROBERT TILTON, et. al.,<br><br>         Defendants. | JF<br>No. C 07-5417 ~~RMW~~ (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

    Plaintiff and nine state prisoners at Pelican Bay State Prison proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint with allegations pertaining to himself only. In a separate written order, the Court dismissed the remaining Plaintiffs without prejudice because this civil rights action could not proceed as a class action. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will DISMISS the amended complaint with leave to amend as set forth below.

///

///

///

**BACKGROUND**

Plaintiff alleges that Pelican Bay State Prison ("PBSP") officials are deliberately indifferent to his medical needs. Plaintiff complains that the living conditions in PBSP's Security Housing Unit ("SHU") and on the SHU's exercise yard are unsanitary. The unsanitary conditions are based on fungus, bacteria and unidentified foreign contaminants which blow through the air and into the air vents. The yard's walls and floors are covered in these contaminants. Based upon these living conditions, Plaintiff has suffered health problems such as asthma, headaches, shortness of breath, insomnia, exhaustion, allergies, fever, vomiting and vision impairment. Amended Complaint at 2. Plaintiff filed an administrative grievance through PBSP appeal process, which was denied through the Director's level of review. Plaintiff names the following Defendants in the amended complaint: Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Robert Tilton, CDCR Health Care Receiver Robert Sillen, PBSP Warden Robert Horel, PBSP Deputy Warden C. Scavetta, PBSP Chief Medical Officer M.C. Sayre, PBSP Registered Nurse S. Risenhoover, PBSP Registered Nurse J. Flowers, PBSP Plant Operations Supervisor Bob McKinney, PBSP Floor Unit Officer D. Methfor, PBSP D-yard Control Booth Officer M. Cuthbertson. Plaintiff seeks a declaratory judgment, injunctive relief, and monetary damages.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the

1  United States.  West v. Atkins, 487 U.S. 42, 48 (1988).

2       Liability may be imposed on an individual defendant under section 1983 if the plaintiff
3  can show that the defendant proximately caused the deprivation of a federally protected right.
4  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d
5  1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the
6  meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or
7  omits to perform an act which he is legally required to do, that causes the deprivation of which
8  the plaintiff complains.  See Leer, 844 F.2d at 633; Robins v. Meecham, 60 F.3d 1436, 1442 (9th
9  Cir. 1995).

10 **B.     Plaintiff's Claims**

11      Plaintiff alleges that the living conditions in PBSP's SHU are unsanitary.  The unsanitary
12 conditions are due to fungus, bacteria and unidentified foreign contaminants which blow through
13 the air and into the air vents.  Plaintiff has suffered health problems due to these unsanitary
14 conditions.  Plaintiff alleges that the inhumane living conditions and Defendants' deliberate
15 indifference to his serious medical needs violated his rights under the Eighth and Fourteenth
16 Amendments.

17      Plaintiff claims fails at the outset because he fails to set forth specific facts showing how
18 each Defendant proximately caused a constitutional deprivation.  For a claim to be cognizable, a
19 Plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected
20 rights."  Leer, 844 F.2d at 634.  But here, Plaintiff alleges facts against all Defendants without
21 explaining the actions of each individual Defendant involved.  As such, Plaintiff fails to link each
22 of the named Defendants to his claims.  Accordingly, the amended complaint does not state a
23 cognizable claim against any of the named Defendants.

24      Plaintiff must allege facts supporting each claim against each individual Defendant
25 separately in his second amended complaint showing his entitlement to relief from each
26 Defendant.  Plaintiff should list the constitutional right he has, describe what each Defendant did
27 or failed to do, and describe how each Defendant's acts or omissions caused him injury.  He
28 should not refer to the Defendants as a group, i.e., "the Defendants;" rather, he should identify

each involved Defendant by name and link each of them to a specific claim by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights.

As to Plaintiff's claim against CDCR Secretary Tilton, CDCR Health Care Receiver Sillen, PBSP Warden Horel, PBSP Deputy Warden Scavetta, and PBSP Chief Medical Officer Sayre, Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). Plaintiff may re-allege his claim that these Defendants failed to train and/or supervise in their respective positions, however he should describe each Defendant's individual actions or omissions and the resulting constitutional violation in his claim.

Plaintiff will be given leave to amend the amended complaint to cure these deficiencies. Accordingly, the Court grants Plaintiff leave to file a second amended complaint **within thirty (30) days** of the date this order is filed to include sufficient facts to support his claims against each Defendant and the alleged constitutional violation he suffered.

## CONCLUSION

1.  Plaintiff's amended complaint is DISMISSED with leave to amend, as indicated above, **within thirty (30) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (07-5417 JF (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint or the amended complaint, such as supporting documentation of the prison appeal process, by reference. Plaintiff must include all of his claims and name all Defendants in the second amended

1  complaint. **Failure to file a second amended complaint within the designated time will**
2  **result in the Court dismissing the complaint without prejudice for failure to state a**
3  **cognizable claim under 42 U.S.C. § 1983.**
4      2.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the
5  Court informed of any change of address by filing a separate paper with the clerk headed "Notice
6  of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an
7  extension of time to do so. Failure to comply may result in the dismissal of this action pursuant
8  to Federal Rule of Civil Procedure 41(b).
9      IT IS SO ORDERED.
10 DATED: 4/8/08

JEREMY FOGEL
United States District Judge

Order of Dismissal With Leave to Amend
P:\pro-se\sj.jf\cr.07\Cooperwood417dwlta

5