1. Michael Mutawally Cooperwood
   C-46411 D1-214
2. P.O. Box 7500
   Crescent City, Calif. 95532
3. IN PROPRIA PERSONA

**RECEIVED**

2008 JUN 24  AM 8: 43

RICHARD W. WIEKING
CLERK
U.S. DSTRICT COURT
NO. DIST. OF CA. S.J.

5. IN THE UNITED STATE DISTRICT COURT

6. FOR THE NORTHERN DISTRICT OF CALIFORNIA

7.

8. Michael Mutawally Cooperwood
   Plaintiff,

9. VS.

10. Bob McKinney, Plant Operations

11. Supervisor of Building Trades (P.O.S.B.T)

12. Assigned to Pelican Bay State Prison,

13. In Del Norte County ---

14. Michael C. Sayre, M.D. Chief Medical

15. Officer (C.M.O.) Assigned to Pelican

16. Bay State Prison In Del Norte County ---

17. Sue Risenhoover, Facility Nurse

18. Practitioner (F.N.P) Assigned to

19. Pelican Bay State Prison In Del Norte

20. County --- J. Flowers, Registered

21. Nurse (R.N.) Assigned to Pelican

22. Bay State Prison In Del Norte County ---

23. D. Metheoe, Correctional Officer

24. Assigned To Facility D-1-building at

25. Pelican Bay State Prison In Del Norte

26. County --- M. Cuthbertson, Correctional

27. Floor Officer Assigned to The

28. Security Housing Unit "D" Facility

Case No. # 07-5417 JF (PR)

SECOND AMENDED COMPLAINT
42 U.S.C. § 1983 Civil Rights Action

1.) Deliberate Indifference to The
    Health and Safety of Prisoners,
    Eighth Amendment ---

2.) Denial of Medical Treatment ---

3.) Failure to Perform Duties ---

4.) Cruel And Unusual Punishment
    Causing Pain and Suffering
    In Violation of The Eighth
    and Fourteenth Amendment ---

5.) Demand For Trial ---

1. D-1 building AT Pelican Bay State
2. Prison IN Del Norte County ———
3. R. Pimental, Facility Captain,
4. Assigned To and Includes as an
5. Appeal Examiner AT Pelican Bay
6. State Prison — SECURITY HOUSING
7. UNITS (S.H.U) IN Del Norte County———
8. M. GRANNIS, Chief Director OF APPeals
9. Branch For The California Department
10. of Corrections and Rehabilitation (CDCR)
11. IN Sacramento County———
12.                    Defendants.

13.

14.                    JURISDICTION

15.        1.) This IS a Civil Rights Action Complaint Seeking
16. INJUNCTIVE Relief and Monetary damages, by The above
17. ENTITLED DEFENDANT(S) who demonstrated Deliberate Indifference
18. To a Chronic Asthmatic Prisoner, IN Their Failure To Exam and
19. Take Samples For TesTING To deTermine The UNKNOWN Bacteria,
20. FUNGUS and ContaminanTs IN The SECURITY HOUSING UNITS "D"
21. Facility building one (1)—"D"-Pod but ParTicallY The Exercise Yard.
22. PotenTially affecting The Health and Safety OF PlainTiff, by
23. Denial OF a ScienTific Method OF Examination of Foreign
24. ParTicles, Bacteria, Fungus, and ContaminanTs Crusted, Growing
25. and/or deTecTable ON The Building one (1) "D"-Pod Exercise Yard
26. Plexi-Glass SCREEN Walls and CONCRETE Floor, To Eliminate
27. KNOWN and PotenTially hazardous material affecting Plaintiff
28. Health and Safety, Failure To PROPERLY Treat PlainTiff

                (2.)    SECOND AMENDED COMPLAINT

1. Serious Medical Needs - Conditions, as an Asthmatic Patient,
2. under The Defendants Care and Supervision. Failure To
3. Properly Perform Medical Treatment and Examinations That
4. would have Prevented Increased Serious Medical Conditions
5. affecting Plaintiff Health and Safety, as an Asthmatic
6. Patient, Failure To Properly Investigate, Inspect and Remove
7. The Contaminated Plexi-Glass, Steam Clean The metal
8. screen across The Top of "D" - Facility DI-Exercise Yard,
9. walls, and Concrete Floor Contaminants, Fungus and Potentially
10. hazardous Material That Affects Plaintiff Health and
11. Safety as an Asthmatic Patient. The Appeal Examiners
12. Failed To Properly order and Complete Through Investigation
13. Cited In This Complaint and Supporting Appeals Process To
14. Prevent Further harm To Plaintiff as an Asthmatic Patient.
15. Each and Every Defendant has shown deliberate Indifference
16. To Plaintiff health and Safety Constituting Cruel and
17. Unusual Punishment In his Pain and Suffering.
18.      2.) This Action Arises From Violations under 42 U.S.C.
19. § 1983 Civil Rights.
20.      3.) The Jurisdiction of This Court Is based upon
21. 28 U.S.C. Sections §§ 1331 and 1343.
22.      4.) All of The above Named Defendants are Employees
23. of The California Department of Corrections and Rehabilitation
24. (CDCR) who were Assigned To Sacramento County and/or
25. Pelican Bay State Prison In Del Norte County where The
26. Claims herein arose.
27.      5.) In This Action Vanue Is Proper under 28 U.S.C.
28. § 1391(b)(2).

[3.] SECOND AMENDED COMPLAINT

1.
2.

<u>PLAINTIFF</u>

3.      6.) Plaintiff <u>Michael Mutawally Cooperwood</u>, Is a State Prisoner
4. Currently Confined at Pelican Bay State Prison (P.B.S.P.) assigned
5. Indeterminate Security Housing Unit (SHU) located in Del
6. Norte County.

<u>DEFENDANTS</u>

7.
8.      7.) Defendant <u>Bob McKinney</u>, Is The Plant Operations
9. Supervisor of Building Trades (P.O.S.B.T.) at Pelican Bay State
10. Prison. He Is Responsible For The General Maintenance and
11. and Upkeep of all the building Interior and Exterior Structures.
12. He Is Responsible For Establishing Policy and Procedures
13. of Visual Inspections and detecting Potential hazardous Materials
14. and Contaminants To Structures, That Could be Potentially
15. dangerous to humans. He Is also Responsible For The Training
16. and Maintenance of Subordinate Staff and Investigate Valid
17. Notifications of Potential Contaminates and Health hazards
18. To Staff Members and Prisoners alike. To Prevent Medical
19. Conditions, Pain and Suffering To Known Asthmatic Patients
20. with The Prison. In The Event That Notification of Potential
21. dangerous Substances as a Supervisor, he Is Required
22. To Notify The Warden and Seal off The Potential hazardous
23. situation and move humans From The Area.

24.      8.) Defendant <u>Michael C. Sayre</u>, M.D., Chief Medical
25. officer (C.M.O.) at Pelican Bay State Prison and Is The
26. Supervisor of all Medical Personnel To and Including The
27. Security Housing Units (S.H.U.). He Is Responsible For
28. all decision Making of Medical Treatment Prescribed

(4.) <u>SECOND AMENDED COMPLAINT</u>

1. For Prisoners, and Authorization For all Medical Procedures,
2. Treatment and decisions For all Prisoners at The Prison.
3.        9.) Defendant Sue Risenhoover Is The Facility Nurse
4. Practitioner (F.N.P) at Pelican Bay State Prison and Is Assigned
5. To "D"- Facility Security Housing Units (S.H.U) In The Position
6. as The Primary Care Giver (P.C-G.) To Prisoners Under
7. her Care. She Is Responsible For The Medical Treatment
8. and Care Of all Prisoners Under her Title Of Facility Nurse
9. Practitioner (F.N.P.) Position and Is Responsible To Follow
10. Doctors Orders and Recommendations.
11.        10.) Defendant J. Flowers Is designated as a
12. Registered Nurse (R.N.) at Pelican Bay State Prison (P.B.S.P.)
13. and Is assigned To The "D"- Facility Security Housing Units
14. (S.H.U.). He Is Responsible For distributing Prescribed Medications
15. and Interviewing Prisoners who Submit Health Care Services
16. Request Forms (Sick Call slips), To document The health
17. Complaints and Submit The documentation To The Supervisory
18. Medical Personnel, who would Schedule Consultations. He
19. Is also Responsible In documenting Known adverse Conditions
20. and Potentially dangerous Contaminants or hazardous
21. Materials That affect Prisoners Health and Safety. He
22. Is also Responsible Upon Notification and submitted
23. documentation To The Supervisory Medical Personnel,
24. as well as Prison Officials, Of The High Potential Health
25. Conditions and hazards Particularly Of Asthmatic Patients
26. susceptable To Air borne Contaminants That would affect
27. The health and safety Of all Prisoners.
28.        11.) Defendant D. Methfor Is a Correctional Officer

(5.) SECOND AMENDED COMPLAINT

1. (C.O.) Employed by The California Department of Corrections
2. and Rehabilitation (C.D.-C.R.) and was assigned at Pelican Bay
3. State Prison (P.B.S.P.) Security Housing Units (S.H.U.) In Facility
4. "D" Building No. #1 Floor Officer From June Through July 2006
5. In Del Norte County, Crescent City, California. He was the Floor
6. Officer In Building No. #1 and was Responsible For Second-Watch,
7. which Consists of The Following Operations: Inmate Feeding,
8. Escorts, Unit Maintenance, Work Order Requests, handling of
9. Complaints, and Appeals, and The Overall Safety and Security
10. of The building, and Its Prisoners housed Therein. He was
11. Responsible For Notification To Correctional Superiors and
12. Facility Maintenence Department When Contaminants or
13. Suspicious unhealthy hazardous Particle are apparant
14. In Facility "D" building No. #1 "D"-Pod Exercise Yard and
15. housing Areas That Could Jepardize The health and Safety
16. of Prisoners.
17.         12.) Defendant M. Cuthbertson is a Correctional
18. Officer (C.O.) Employed by The California Department of
19. Corrections and Rehabilitation (C.D.-C.R.) and was assigned
20. at Pelican Bay State Prison (P.B.S.P.) Security Housing Units
21. (S.H.U.) Facility "D" Building No. #1 as a Control Booth
22. Officer In Del Norte County, Crescenty City, California.
23. He was Responsible For The Overall Operation of all
24. Prisoner assigned to building No. #1 Release From
25. Cells, to and Including, Exercise Yard For One and a
26. half hour Per day (1½ hour Per day). He was also Responsible
27. For The health and Safety of Each Prisoner In building
28. No. #1: To and Including The Exercise Yard and Housing,

(6.) SECOND AMENDED COMPLAINT

1.  and upon notification of potentially harmful contaminants
2.  on the exercise yard roof acrylic plastic — sheets (Plexi-Glass),
3.  walls and concrete ground floor, as well as blowing or
4.  growing in the housing pods (sections), should have notified
5.  his facility supervisor to inspect and/or close area until
6.  determine it was safe for prisoners to exercise and live
7.  in a safe environment.

8.      13.) Defendant R. Pimental is the facility
9.  captain assigned to Pelican Bay State Prison (P.B.S.P) in Del
10. Norte County, Crescent City, California. He is also designated
11. as the facilities appeals examiner for the directors
12. appeal review branch in Sacramento, California to investigate
13. and examine complaints filed by prisoners. He is responsible
14. for the facilities investigations and examination of all
15. evidence from prisoners complaints of rules and/or
16. constitutional rights violations against them without biases.

17.     14.) Defendant N. Grannis, is the chief
18. inmate appeals branch official of the director of the
19. corrections and rehabilitation (C.D.C.R.) in Sacramento,
20. California, that is the finals appeals level to exhaust all
21. administrative remedies. He is responsible in designating
22. a competent and knowledgeable facility representative
23. to fully investigate and review all evidence complained
24. in the inmate-602-appeal. He is responsible for the
25. proper deployment and training of the appeals representatives
26. that directly affects the investigation of prisoners appeal
27. issues and complaints.

28.     15.) Each defendant was acting under

(7.) SECOND AMENDED COMPLAINT

1. The color of California Law, and acting in their official and
2. Individual capacities as Employees of the California
3. Department of Corrections and Rehabilitation (C.D.C.R.). Each
4. defendant and their assigned positions affecting their actions
5. and inactions that affected Plaintiff health and safety showing
6. deliberate Indifference causing Cruel and unusual Punishment and
7. directly causing Pain and suffering.

8.
9. ## STATEMENT OF FACTS
10.
11. 16.) On or about January-2006. The Pelican Bay
12. State Prison (P.B.S.P), Prison official Enacted a change
13. of Housing for selected Indeterminate security Housing
14. Units (S.H.U.), Classified Prisoners to be Moved and housed
15. In the "Short Corridor" In facility "D" Consisting of
16. Four (4) selected housing units one(1) Through four (4). These
17. Indeterminate deliberately selected Prisoners will be
18. Confined In These Isolated buildings for the duration of
19. Their Prison Sentences, or be Required to Debrief or Die.

20. 17.) Plaintiff Michael Mutawally Cooperwood, was one(1)
21. of the selected Prisoners to be Moved Into facility "D" —
22. Building No. "1" D Pod, and Immediately Observed "D" Pod
23. (Section) was In serious Need of Proper Maintenence
24. and Repair work. The Entire Pod and building appeared
25. Not to have been given general Maintenence or Inspections
26. Ever, and upon Visual observation The Following Interior
27. and Exterior Yard area's, There were and Continual
28. To be Problems with The Heating system, Ventilation system,

1. Plumbing, Electrical Outlets, Drainage System. The
2. continuous Failure to Clean The Exercise Yard Contaminants
3. off The Acrylic Plastic (Plexi-glass), to and Including The
4. screen across The Yard Roof, walls, and Concrete Floor's,
5. Plaintiff Observed Foreign Contaminants on The Plex-glass
6. and Screen, Mold, Fungi and **air** borne Bacteria, along
7. with mold and Fungi on The Exercise Yard walls and
8. Concrete Floor's-
9.       18.) Plaintiff Michael Mutawally Cooperwood,
10. believes and has been Told Personally by The Maintenance
11. supervisor and Staff That The Pelican Bay State Prison
12. (P.B.S.P.) Security Housing Units (S.H.U.) security Housing
13. units (S.H.U.) in Reflection with Plaintiff Civil Rights
14. action Complaints, Particularly Facility D-Building No.#1
15. "D"-Pod Exercise Yard Roof Acrylic Plastic Sheet (Plexi-glass)
16. and Metal Screen Safety Covering Show Numerous Unknown
17. Foreign Contaminants Mold, Fungi, and Organism Material.
18. Have Not been Steam Cleaned or Dismantle, The Plexi-glass
19. Covering have Not been Cleaned since The Prison was
20. Open in December -1989- To date -
21.     19.) On June 14, 2006, Plaintiff Michael Mutawally Cooperwood
22. Filed a 602-Inmate Appeal Form (Log No.#P.B.S.P.-D-06-01710)
23. Category No. (sanitation of Exercise Yard D-1 "D"-Pod) Complaining
24. of Health and Safety Hazards - with Potentially Life-Threatening
25. For Prisoners but Particularly Asthmatic Patients. Plaintiff,
26. Notified Prison Officials Regarding The Failure of Long
27. Term Maintenance (Cleaning) of The D-1 "D"-Pod Exercise
28. Yard Roof Plexi-glass and wire screen. Plaintiff Clearly

(9.) SECOND AMENDED COMPLAINT

1. NOTIFIED PRISON STAFF That To his knowledge The Plexi-Glass
2. and wire screen has Never been Cleaned Since The Opening
3. of The Security Housing Units (S.H.U.) In December 1989.
4. Plaintiff Clearly Notified and Identified The "D"-Pod
5. Exercise Yard Plexi-Glass as having Grown a Thick Fungus
6. over The Covering, Substance Type of Organic Matter
7. That Is believed To be an accumulation of Pollen, Bugs,
8. Bird droppings, Mold, Dust, and other Unidentified Particles
9. That has Never been Cleaned since December 1989. Plaintiff
10. Identified The "D"-Pod Exercise Yard Plexi-Glass which
11. have Grown a Thick Fungus Over The Covering, Substance
12. Type of Organic Matter, That Is believed To be and
13. Clearly harmful Pollen, Bugs, Bird dropping, Mold, Dust and
14. other Unidentified Particles That has Caused Serious
15. health Changes In Asthmatic Patients Conditions of
16. difficulity In breathing Later after Exercise Yard.
17. wheezing Coming On Suddenly at hours after Exiting
18. The Exercise Yard, Waking up at Night With Severe Wheezing
19. and Shortness of breath and The Intensity of
20. Asthmatic Attacks - Plaintiff and other Prisoners In
21. Facility "D" Building No.#1 D-Pod Repeatedly Complained
22. of The Problems but had been Ignored by Medical
23. Personnel Consisting of Defendants Michael Sayre M.D.,
24. Chief Medical Officer (C.M.O.), Sue Risenhoover, Facility
25. Nurse Practitioner (F.N.P.), and J. Flowers, Resistered
26. Nurse (R.N.), Defendants D. Methfor Correctional Officer,
27. and C. Cuthbertson assigned to building No.#1 Refused
28. To Take Immediate Appropriate Action, Notification

(10.) SECOND AMENDED COMPLAINT

OF SUPERIORS and/or CONTACT MAINTENANCE PERSONNEL.

20.) ON JULY 14, 2006, DEFENDANT D. METHFOR, CORRECTIONAL OFFICER (%) FACILITY D-BUILDING NO. # 1 FLOOR OFFICER IDENTIFIED IN -602- INMATE APPEAL FORM (LOG NO # (P.B.S.P.)-D-06-01710, CATEGORY 9.) INFORMAL LEVEL STAFF RESPONSE STATED; " A WORK ORDER WAS SUBMITTED TO MAINTENANCE A MONTH AGO - I RESEARCH THE WORK ORDER bY CALLING MAINTENANCE and WAS TOLD bY SUPERVISOR McKINNEY'S IT WAS DENIED and WILL NOT haPPEN " - DEFENDANT D. METHFOR FAILED TO NOTIFY HIS FACILITY SUPERVISOR and MEDICAL PERSONNEL TO REPORT THE POTENTIALLY LIFE-THREATENING and SERIOUS HEALTH PROBLEMS FOR ASTHMATIC PATIENTS IN BUILDING NO # 1 "D" POD EXERCISE YARD -

21.) ON JULY 17, 2006, PLAINTIFF Michael M. COOPERWOOD, FILED a " FORMAL " LEVEL RESPONSE IN -602- INMATE APPEAL FORM (LOG NO # P.B.S.P.-D-06-01710 CATEGORY 9.) IDENTIFYING MAINTENANCE SUPERVISOR BoB McKINNEY'S DENIAL OF WORK ORDER REQUEST, REQUEST FOR WARDEN TO VISIT BUILDING D-1 "D"-POD EXERCISE YARD FILTHY PLEXI-GLASS, as WELL as REQUEST MAINTENANCE STEAM CLEAN OR REPLACEMENT OF PLEXI-GLASS. DEFENDANT BoB McKINNEY, NEVER VISITED BUILDING NO # 1 "D"-POD TO ASSESS and IDENTIFIED PROBLEM and CONTAMINANTS ON PLEXI-GLASS COVERING -

22.) ON AUGUST 23, 2006, DEFENDANT BoB McKINNEY, SUPERVISOR OF BUILDING TRADE ALONE WITH DIVISION HEAD APPROVAL bY ASSOCIATE WARDEN ON SEPTEMBER 1, 2006, FILED a FIRST LEVEL RESPONSE TO PLAINTIFF -602- INMATE APPEAL -(LOG. No. # P.B.S.P.-D-06-01710 CATEGORY 9.) STATING:

(11.) SECOND AMENDED COMPLAINT

" PLANT OPERATIONS does NOT Clean Plexi-Glass That Is 20 Feet

OFF The Ground - The COVER gets washed OFF by 100 INCHES

OF RAIN a Year - PLANT OPERATION does NOT have STAFF

OR EQUIPMENT To Wash OFF ROOF AREAS "- EVEN AFTER

NOTIFICATION OF UNSANITARY Plexi-Glass Covering With Claims

OF health and SAFETY Problems To PRISONERS, and IN PARTICULAR,

DEFENDANTS Bob McKinney and UNKNOWN Associate WARDEN,

Failed To EVEN GO To Building No #1 "D" - Pod Exercise Yard

To View The Complaints - This shows COMPLETE "deliberate

INdifference" To Plaintiff Health and SAFETY demonstrating

CRuel and UNUSUAL Punishment To Asthmatic Patient Who

Experienced Pain and Suffering -

        23.) ON September 7, 2006, Plaintiff Michael Millawally

Cooper Wird, Filed a RESPONSE IN-602- INMATE Appeal Form

(Log No. # P.B.S.P. -D-02-01710. - Category 9) To The Warden Second

Level Review, Plaintiff Stated: "Maintenance Is Responsible

FOR PUTTING The Plexi-glass 20 FEET OFF The GROUND and should

be Responsible For STEAM - CLEANING OR ReplaCING IT When Needed."

NO one Visited Facility D-building No. #1. D-Pod Exercise Yard

To Make an INSPECTION of The Sixteen/ NINETEEN Years Old.

accumulation of Pollen, Bugs, Mold, Dander, Fungi and Dust

That was Causing SERIOUS Asthmatic Attacks, Plaintiff

anticipated The Wardens Level To send Some OFFicial To at

Least Look at The "D"-Pod Exercise Yard - but That did NOT

happen and Plaintiff Continued To be subjected To serious

and EXTREME Asthma Attacks, Causing diFFicultY with

breathing -

            24.) The Warden's second Level Review

1. designated Ms. B. Samples, Correctional Counselor II. who
2. currently visited Facility D-building No. #1 D-Pod to discuss
3. with Plaintiff Michael Mutawally Cooperwood the contents
4. of the -602- Inmate Appeal Form (Log. No# P.B.S.P. - D-06-01710
5. Category 9 ) at that time Plaintiff Requested Ms. B. Samples,
6. to analyze the contaminants on the "D" Pod Exercise Yard,
7. while after analying the Plexi-glass from a Visual
8. Perspective were it sets 20 feet off the ground and
9. analying the walls, and concrete floors, she then spoke to
10. Plaintiff and admitted that Plexi-glass was very dirty and
11. she could not see through it from the ground upward.
12. Ms. B. Samples did identify that mold was on the walls and
13. concrete floor. In Ms. B. Staniples Wardens Second Level
14. Review Response stated that the Plexi-glass was only
15. dirty even when there had not been any significant amount
16. of rain for several months. Ms. B. Samples then continued
17. stating: "The inmate alleges this residue is a thick Fungus
18. hazardous to one's health, but provides no evidence to
19. substantiate his claim." Ms. B. Samples, Followed Defendant
20. Bob. McKinney's First Level Review Response who stated:
21. "The Plexi-glass is cleaned each year by the copious
22. amount of rain"-
23.             25.) On October 21, 2006, Plaintiff Michael
24. Mutawally Cooperwood submitted his dissatisfactions of
25. the Warden's Level Response to the Director of Corrections
26. In his -602- Inmate Appeal Form (Log. No# P.B.S.P. - D-06-017
27. 10 - Category 9) Indicates he is being Subjected to the
28. unhealthy substances type of Organic Matter accumulated

(13.) SECOND AMENDED COMPLAINT

1. ON THE "D" - POD EXERCISE YARD PLEXI - GLASS, WALLS AND CONCRETE
2. GROUND WHICH IS CAUSING ASTHMATIC ATTACKS AND OTHER
3. MEDICAL PROBLEM CITING A VIOLATION OF THE EIGHTH AMENDMENT
4. OF THE UNITED STATES CONSTITUTION WHICH FORBIDS CRUEL AND
5. UNUSUAL PUNISHMENT AND BRING THE MEDICAL STAFF UP TO
6. CONSTITUTIONAL STANDARDS.

7.               26.) ON DECEMBER 14, 2006, THE DIRECTOR OF CORRECTIONS
8. LEVELS APPEAL DECISION (I - A - B - CASE NO. # 0605002) FROM - 602 -
9. INMATE APPEAL FORM (LOG. NO. # P.B.S.P. - D - 06 - 01710) ASSIGNED TO
10. DESIGNATED APPEALS EXAMINER DEFENDANT R. Pimentel AT PELICAN
11. BAY STATE PRISON (P.B.S.P.) FACILITY CAPTAIN AS THE DIRECTORS
12. REPRESENTATIVE, IN THE APPEAL FINDINGS - DEFENDANT R. Pimentel,
13. STATES : " THE P.B.S.P. REVIEWERS NOTED THAT UPON INSPECTION THE
14. PLEXI - GLASS WAS MERELY DIRTY AND THAT THERE WAS NOT ANY
15. MOLD OR OTHER HAZARDOUS CONTAMINANTS PRESENT " DEFENDANT
16. R. Pimentel, CLEARLY FABRICATED THE SECOND LEVEL REVIEW
17. STATEMENTS AND RELIES ON THAT THE PLEXI - GLASS IS EXPOSED
18. TO COPIOUS AMOUNTS OF RAIN TO CLEAN ANY AND ALL FOREIGN
19. MATERIAL OFF THE PLEXI - GLASS, WALLS AND CONCRETE GROUND. BY
20. THE DIRECTOR OF CORRECTIONS LEVEL REVIEWS FINDING STATES THAT
21. " APPELLANT HAS NOT PRESENTED ANY EVIDENCE THAT A DIRTY
22. PIECE OF PLEXI - GLASS THAT PARTIALLY COVERS THE YARD HAS
23. ANY ADVERSE EFFECT UPON HIS OR OTHER INMATES CONFINEMENT."
24. DEFENDANT R. Pimentel ACTUALLY FAILED TO ASSIGN ANYONE
25. TO PROPERLY INSPECT, TAKE SAMPLES OF FOREIGN CONTAMINANTS,
26. MOLD, FUNGI OR OTHER UNHEALTHY UNIDENTIFIED MATTER AND
27. EXAMINE THEM. AND HIS SPECULATION THAT NOTHING WAS HARMFUL
28. NOR **HAD** ANY ADVERSE EFFECT ON PLAINTIFF OR OTHER INMATES

(14.) SECOND AMENDED COMPLAINT

1. CONFINEMENT IS CLEARLY CONJECTURE ON HIS PART WITHOUT FACTS.

2.     27.) Plaintiff Michael Mutawally Cooperwood, has been

3. an Asthmatic all his life and has been documented IN This

4. Prison Medical File Since 1981, but he started having more

5. Severe Asthma Attacks Since arriving at Pelican Bay State

6. Prison Confined IN The Security Housing Units (S.H.U.), due To

7. The Environment of Trees, Coastal Winds, and The Isolation

8. of Living Quarters and Exercise Yards with Twenty (20) Foot

9. Walls, with a Steel Screen Across The Top and half, The

10. Screen Is Covered with a Thick Piece of Plexi-Glass.

11.     28.) IN January 2006, Plaintiff Michael Mutawally

12. Cooperwood, and selected other Prisoners were moved To

13. The Short hallway IN Facility "D" - Security Housing Unites

14. building No. #1 - "D" - Pod To have a more harshly Controlled

15. and Isolated living Environment Than he had Previously

16. been Subjected To at The Same Facility.

17.     29.) Upon The First Time Entering The Building

18. No. #1 - "D" - Pod Exercise Yard Plaintiff Michael Mutawally

19. Cooperwood observed Mold on The Walls and Concrete Floor,

20. as well as a Thick Layer of Foreign Contaminates on The

21. Exercise Yards Plexi-Glass and Metal Screen Covering

22. The Yard Approximately Twenty (20) Feet above The

23. Concrete Floor. IN The Proceeding Months Plaintiff began

24. Experiencing Severe Asthmatic Attacks and difficulty

25. IN breathing both on The Exercise Yard and his assigned

26. Cell due To The Ventilation System.

27.     30.) Plaintiff Michael Mutawally Cooperwood Complained

28. To both Correctional and Medical Personnel about The

    (15.)  SECOND AMENDED COMPLAINT

1. EXERCISE Yard Plexi-Glass and his **SEVERE ASThmatic ATTacks**
2. FOR months but Then Filed a -602- INmate APPeal To COMPLAIN
3. about The Severe Asthma Attacks and Contaminants On The
4. EXERCISE Yard Plexi-Glass and Metal SCREEN and To have
5. These AReas Steam Cleaned-

6. 31.) On or about August-2006-, Plaintiff Michael MutawallY
7. COOPERWOOD Filed a HealTh CaRe SERVICES REQuest FORM
8. (PBSP-7362), COMPlaining Of SEVERE AsThma ATTacks Related
9. To The ContaminanTs On The FacilitY D-Building No-#1 "D"-
10. Pod EXERCISE Yard Plexi-Glass, MeTal SCREEN, and Cell AiR
11. VenTs, That was Causing Continual health PRoblems That
12. WERE EFFecTing his dailY LiFe and activiTies-

13. 32.) On AuGust 14,2006, DeFendant <u>sue RisenhooveR</u> FacilitY
14. NuRSe PRacTiTioneR (F-N-P-) QuesTioned PlaintiFF Michael
15. MutawallY COOPERWOOD, about his SEVERE AsThma ATTacks
16. due To The FOREIGN Contaminants Falling oFF The
17. Plexi-Glass and MeTal SCREEN above The EXERCISE Yard-
18. PlaintiFF EXPlained That while Out On The "D"-Pod, EXERCISE
19. Yard FoR his dailY 1½ houRs Yard PROGRAM, No matteR
20. what activitY he was doing The Wind Will blow a
21. ContinuaL FLow oF Contaminants and PaRTicles oFF
22. The Plexi-glass and MeTal SCREEN, In which Will Cause
23. ~~His~~ bReaThing To InCREASE and bRing On SEVERE
24. AsThma ATTacks - DeFendant <u>Sue RisenhooveR</u> InsTRucted
25. PlaintiFF To WRite DeFendant Michael SaYRe (M.D.) ChieF
26. Medical OFFiceR (C-M-O-), REGaRding The EXERCISE YaRds
27. Plexi-glass and FOREIGN Contaminants That WERE SEVERELY
28. EFFecting his dailY ActiviTies and Causing InCREASED AsThma ATTacks.

( 16.) <u>SECOND AMENDED COMPLAINT</u>

33.) On October 21, 2006, Plaintiff Michael Mutawally Cooperwood submitted a Letter to Defendant Michael Sayre (M.D.) Chief Medical Officer (C.M.O.) outling and addressing the Mold Fungi Foreign Contaminants and other Health hazards blowing around and dropping off the facility "D"- building No. #1, D-Pod Exercise Yard Plexi- glass and Metal screen covering that had built up over seventeen (17) years which has been causing severe breathing problems and Exasperates Asthma attacks This Letter was signed by Plaintiff and Nine (9) other Prisoners confined in building No. #1, "D"- Pod who Daily Exerienced breathing Problems Too.

34.) On October 23, 2006, Defendant Sue Risenhoover, Facility Nurse Practitioner (F.N.P.) had Plaintiff Michael Mutawally Cooperwood, brought to the Facility "D" Clinic on a Follow- up Medical Visit In Regard to Medication and asked about the Letter to Defendant Michael Sayre (M.D.) Chief Medical Officer (C.M.O.), Plaintiff Responded "I Put In For Dr. Sayre about the Plexi- glass on the Yard, Their Claiming They Can't Clean It because They don't have The Equipment So I Put In a -602- about This Problem."

35.) On October 26 2008 Plaintiff Michael Mutawally Cooperwood, Submitted a Letter To Defendant Sue Risenhoover Facility Nurse Practitioner (F.N.P.), Requesting a Copy of the Letter he had Sent To Defendant Michael Sayre (M.D) Chief Medical Officer (C.M.O.), Regarding The Facility "D" building No. #1 "D"- Pod Exercise Yard Plexi- glass and Metal screen and Foreign Contaminants Causing Severe

(17.) SECOND AMENDED COMPLAINT

1.   Asthma Attacks. Plaintiff again notified Defendant Sue
2. Risenhoover, Facility Nurse Practitioner (F.N.P.) about the
3. health hazards of the Exercise Yard Plexi-glass for
4. Asthmatic Patients.
5.      (36.) On or about October 22, 2006, Defendant
6. Michael Sayre (M.D.) Chief Medical Officer (C.M.O.) had
7. wrote a Response letter to Plaintiff's Michael Mutawally
8. Cooperwood, stating: "House Keeping Not a Medical Function.
9. I have No Authority or ability to make changes in the
10. Physical Plant." Plaintiff had clearly made Defendant
11. Michael Sayre (M.D.) Chief Medical Officer (C.M.O.) aware
12. of his Medical Problems but was denied any Professional
13. help in his severe Asthmatic Attacks, growing worse
14. since being Assigned to building No. #1, "D"-Pod at
15. Pelican Bay State Prison Security Housing Unit, Facility
16. "D" in January-2006.
17.      (37.) On November 13, 2006, Defendant Sue Risenhoover,
18. Facility Nurse Practitioner (F.N.P.) had Plaintiff Michael
19. Mutawally Cooperwood, brought to the Facility "D" Clinic
20. for a Chronic Asthmatic Care and Evaluation Visit.
21. Plaintiff again notified Defendant Sue Risenhoover (F.N.P.)
22. that "Every Night I wake with another Asthma Attack. I
23. am wheezing Right Now It is from the Exercise Yard. It
24. is blowing some Pollen and other stuff on the Yard,
25. Dr. Sayre wrote me back that it is a Maintenance
26. Matter. All I'm asking You to do is Look up and see it.
27. The Maintenance Tells me the Rain will clean it
28. (Plexi-glass), but it has Not been Cleaned for (17)

     (18.) SECOND AMENDED COMPLAINT

1. Years, It is different from all other Yards I have
2. Ever been on." Plaintiff Stated:" It is JustaSimple
3. Plexi-glass, Just drill The Screws-out and Change It, They
4. are saying They have No Equipment To Replace IT."
5.             38.) On or about November 16th or 17th, 2006,
6. Defendant James Flowers, Registered Nurse (R.N.) arrived
7. at Facility "D" - building No. #1. and Entered "D"-Pod
8. Exercise Yard and visually looked up at The Contaminants
9. Plexi-glass and Metal Screen areas. Defendant J. Flowers,
10. acknowledged To Plaintiff that The Plexi-glass was
11. Extremely dirty and covered with unidentified matter.
12. Plaintiff did Not Receive a Copy of any Report or
13. documentation, If any was submitted by Defendant J. Flowers
14. Concerning The observation and/or Condition he observed
15. of The Plexi-glass and Screen Covering on The "D"-Pod Exercise
16. Yard.
17.             39.) On January 9, 2008, Defendant Sue Risenhoover
18. Facility Nurse Practitioner (F.N.P.) had Plaintiff Michael
19. Mutawally Cooperwood, brought To The Facility "D" Clinic
20. on a Chronic Asthmatic Care visit To discuss his
21. ongoing Severe Asthma Problems and breathing
22. Plaintiff Stated:" I wake up with Asthma Attacks
23. often, and have Not been To The E.R. (Emergency Room)
24. For My Asthma. I use The Albuterol Inhaler daily
25. after Exercising. I have Not Told anyone about
26. The Severe Wheezing, because It Is The same
27. Thing when I come In For The Asthmatic Medical
28. Visit, I Say The Same Thing I Say The same Thing

                    19.) SECOND AMENDED COMPLAINT

1. as the cause, for it is dust-pollen because of the
2. way the Plexi-glass is designed in the unit, which is
3. slanted as well as not steam cleaned for (17) years.
4. When the wind blows, I can see particles fall constantly,
5. I have submitted a "602" and civil complaint on you
6. and everyone. The maintenance said they don't replace
7. or clean it because its (20) feet up in the air
8. and don't have the equipment. I located the problem
9. two (2) year ago wrote Dr. Sayre, and submitted
10. all to the courts regarding the same thing, it is
11. a medical issue that cause asthma attacks. Also
12. included in defendant S. Risenhoovers comments of
13. January 9, 2008, she states: "Per C/OS (correctional officers)
14. work order put in for evaluation of "D"-Pod Yard ". This
15. is two (2) years "after" Plaintiff michael muta wally
16. Cooperwood, brought this health and sanitation matter
17. to the defendants.

18.    40.) On January 22, 2008, Defendant Sue Risenhoover,
19. Facility Nurse Practitioner (F.N.P.) had Plaintiff michael
20. mutawally Cooperwood, brought to the facility "D" clinic
21. for sick call where she documented that Plaintiff
22. stated he had chest-pains and it felt swollen-been
23. complaining of the same problem, points to the upper
24. chest as area swollen/hurting. Plaintiff states its not
25. from exercising, but is muscle. I think beginning of
26. a heart attack from my severe asthma attacks straining
27. my heart. Plaintiff actually stated that due to the
28. severity of his asthma attacks was the cause of the

(20.) SECOND AMEND COMPLAINT

chest strain which felt like a heart attack - due to the severity of the pain in his left chest, defendant sue Risenhoover's plan order was again to order a new medication Asmaner inhaler - Peak Flow 520 Stable.

41.) On March 18, 2008, Plaintiff Michael Mutawally Cooperwood notified Facility "D" - building No. #1 Correctional Personnel that he was experiencing a high fever as a result of a severe Asthma Attack and wanted his temperature taken and medical assistance, it was determined that Plaintiff had a fever of 101.8 and was given Tylenol 650 mg PO by the medical rover.

42.) On May 6, 2008, Defendant Sue Risenhoover, Facility Nurse Practitioner (F.N.P.) had Plaintiff Michael Mutawally Cooperwood, brought to the Facility "D" clinic for a Chronic Care Visit for his Asthma - Plaintiff stated at this time he did not need to go to the emergency room (E.R.) for his Asthma but stated he was constantly being woke up from sleep due to severe Asthma Attacks that were getting worse, as he complains to the nurse. Although Plaintiff uses the medically ordered inhaler each day but does not help.

43.) Each Defendant (s), was acting under the color of California Law, and acting in their official and individual capacities as Employees of the California Department of Corrections and Rehabilitation (C.D.C.R.). Each Defendant (s) and their assigned positions affecting their actions and inactions that affected Plaintiff health and safety showing "deliberate indifference".

(21.) SECOND AMENDED COMPLAINT

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
(FIRST AMENDMENT - DENIAL OF PROPER - 602 - APPEAL/GRIEVANCE INVESTIGATIONS)

44.) Plaintiff alleges and INCORPORATES by Reference To Paragraphs __7__ Through __26__ of The Complaint —

A.) Prisoner's have a Constitutional Right of Access To The Court which EXTENDS To Established Prison Appeal/ Grievance Procedures.

B.) Defendant(s) R. Pimental, M. Grannis, and B. McKinney, as designated Official Respondents To Appeals and Appeal Grievance Representatives For The California Department of Corrections and Rehabilitation (C.D.C.R.) abused Their Official Positions and duties by Failing To Properly conduct an INVESTIGATION or Actual Examine of The Evidence documented In The - 602 - Inmate Appeal Grievance Filed by Plaintiff. These Actions and Inactions Violated Plaintiff Constitutional Rights and California Law Implemented In The California Code of Regulations, Title 15 Chapter 1 Rules and Regulations section § 3084 (1) (a)(1)(2), 1 (D) (B) (C), (P) (E)(1)(2) Entitled: Level of Appeal Review and dispositions —

C.) Each Defendant R. Pimental, M. Grannis, and B. McKinney, acting In Their Official and Individual Capacities Through Their Action and In actions Violated Plaintiff Michael Mutawally Cooperwood, Constitutional

22.) SECOND AMENDED COMPLAINT

1. Rights by Failing to Conduct a Through Investigation
2. of Potential Health and Safety hazardous Issues and
3. Failed To Examine Evidence Identified In The -602-
4. Inmate Appeal/Grievance, and Their denial to
5. Investigate or Examine Evidence That is not Reasonably
6. Related To any Legitimate Penological Interest.
7.
8. SECOND CAUSE OF ACTION
9. ( - AMENDMENTS -
   EIGHTH AND FOURTEENTH DELIBERATE INDIFFERENE )
10. ( TO PRISONERS HEALTH AND SAFETY )
11.
12. 45.) Plaintiff, alleges and Incorporates by Reference
13. To Paragraphs 7 Through 26 of The Complaint.
14. A.) Defendant(s) Bob McKinney and R. Pimental have
15. Violated Plaintiff Michael Mutawally Cooperwood, Eighth
16. Amendment Constitutional Right To Health and Safety by Failing
17. and Refusing To Remove, Steam Clean or Sanitize The
18. Facility "D"- building No# 1 - "D"- Pod Exercise Floor That
19. Contained Foreign bacteria, as well as The Exercise
20. Yard Plexi-glass Covering, wire Screen Covering, and
21. Walls, That Contained Foreign bacteria, Mold, Fungus,
22. Contaminants Crusted matter, which continue To blow
23. down upon The Face's of Plaintiff and other Prisoners.
24. B.) Defendant(s) Bob McKinney and R. Pimental have
25. Violated Plaintiff Michael Mutawally Cooperwood, Eighth
26. Amendment and Fourteenth Amendment Constitutional Rights
27. To Health and Safety by Their Failure To Inspect, Examine,
28. Take Samples of Foreign Contaminants and/or order

23.) SECOND AMENDED COMPLAINT

1. The Removal and Replacement of the Facility "D" building
2. No. #1 "D" Pod Exercise Yard Plexi-glass Covering, and Steam
3. Clean, The Wire Screen Covering, Walls, and Concrete Floors,
4. To Remove The Foreign bacteria, Mold, Fungous, and Contaminants
5. Crusted and growing Into The Exercise Yard.
6.
7. THIRD CAUSE OF ACTION
8. ( VIOLATIONS OF THE EIGHTH AND FOURTEENTH )
9. ( AMENDMENTS - CRUEL AND UNUSUAL PUNISHMENT )
10.
11. 46.) Plaintiff alleges and Incorporates by References
12. To Paragraph 7 Through 26 of The Complaint.
13. A.) Defendant(s) R. Pimental, M. Grannis, and B. McKinney,
14. have Violated Plaintiff Michael Mutawallt Cooperwood,
15. Constitutional Rights and Protection under The Eighth and
16. Fourteenth Amendments Not To be subjected to cruel and
17. Unusual Punishment Through malicious and Sadistic
18. actions and Inactions by denying Protection From hazardous
19. Living conditions and The basic Right To be safe and live
20. In a humane Environment That Is Free From Known
21. Foreign Contaminants That Cause Illnesses.
22.
23. FOURTH CAUSE OF ACTION
24. ( FAILURE of SUPERVISORS IN Following )
25. ( ESTABLISHED Policies AND Procedures )
26.
27. 47.) Plaintiff alleges and Incorporates by References
28. To Paragraph 7 Through 26 of The Complaint.

(24.) SECOND AMENDED COMPLAINT

1. A.) Defendant(s) R. Pimental, M. Grannis, and B. McKinney
2. as Supervisors have a duty and obligations to follow
3. clearly established customs, policies, operational procedures,
4. rules, and regulations in their designated positions as
5. employees of the California Department of Corrections
6. and Rehabilitation at Pelican Bay State Prison. The custom
7. is to fully and completely investigate all complaints
8. and -602- inmate appeals/grievances.

9. B.) Defendant(s) R. Pimental, M. Grannis, and B. McKinney,
10. failed in their designated appointed and employment
11. duty as appeal responders. Defendant B. McKinney failed
12. as "Plant Operations Supervisor of Building Trades" to
13. properly perform and execute the duties in a manner
14. consistent with state and federal law.

15. C.) Defendant(s) R. Pimental, M. Grannis, and B. McKinney,
16. deliberately and maliciously failed as supervisory employees
17. to investigate, examine, remove, and/or take samples
18. of identified foreign contaminants from the facility
19. "D" building No. #1 -"D" Pod exercise yard plexi-glass
20. covering, wire screen covering, walls and concrete floors.
21. To prevent potential sicknesses and/or harmful
22. contaminants to asthmatic patients, and other prisoners
23. from the year of -2006- to -2008-.

24. D.) Supervisory defendant(s) R. Pimental, M. Grannis,
25. and B. McKinney, breached their duties to investigate
26. -602- inmate appeals/grievances with disregard of
27. prisoners health and safety in an enclosed environment,
28. and actual knowledge of potential foreign contaminants,

(25.) SECOND AMENDED COMPLAINT

1. which are harmful to Asthma Patients and Other Prisoners.
2.

### FIFTH CAUSE OF ACTION

FIRST, EIGHTH AND FOURTEENTH AMENDMENT, APPEAL INVESTIGATIONS, HEALTH AND SAFETY, DELIBERATE INDIFFERENCE, AND CRUEL AND UNUSUAL PUNISHMENT, POLICIES AND PROCEDURES

48.) Plaintiff alleges and incorporates by references to Paragraphs 7 Through 42 In The Complaint.

A.) Defendant(s) R. Pimental, M. Grannis, B. McKinney, D. McThFor, and M. Cuthbertson, acting In Their official and Individual Capacities Through Their action and Inactions violated Plaintiffs First, Eighth and Fourteenth Amendments Rights of Failing To Conduct a Through Investigation Upon Notification and -602- Inmate Appeal/Grievance, Process of hazardous Foreign Contaminants affecting Asthmatic Patients demonstrating deliberate Indifference and Subjecting Plaintiff To Cruel and Unusual Punishment To Health and Safety Issues, which Each Defendant had Sufficient Culpable State of Mind In allowing The deprivation To Take Place In Pelican Bay State Prison - Facility "D" building No. #1 "D" - Pod Exercise Yard.

### SIXTH CAUSE OF ACTION

DENIAL OF SERIOUS MEDICAL NEEDS AND TREATMENT VIOLATION OF THE EIGHTH AMENDMENT CONSTITUTIONAL RIGHT.

(26.) SECOND AMENDED COMPLAINT

49.) Plaintiff alleges and Incorporates by Reference In Paragraphs 37 Through 43 of The Complaint.

A.) Defendants Michael C. Sayre, (M.D.) Chief Medical Officer (C.M.O) demonstrated deliberate Indifference To Plaintiff Known Serious Medical Needs, by Failing To Recognize The Serious Medical Needs of Asthmatic Patients who were Suffering Severe Asthma Attacks, Breathing Problems, Wheezing and The Intensity of Night-Time Shortness of breath That affected daily Routines and Sleep deprivation due To Known hazardous Foreign Contaminants, Mold Fungi, Air borne bacteria That was Visible On The Facility D-building No. #1 "D" - Pod Exercise Yards, Plexi-glass Covering, Wire screen, walls and Concrete Floors That affected The Health and Safety of Plaintiff and other Prisoners, That which Clearly In Violation of California State Laws and The United State Constitution.

B.) Defendant Michael C. Sayre, (M.D.) Chief Medical Officer (C.M.O.), Failure To Recognize Plaintiff Serious Medical Needs and Condition of Severe Asthma Attacks. Breathing Problems, wheezing, and Intensity Of Night Time Shortness of breath disrupting The Every day Routine and amount of Nightly Sleep, Constituted Cruel and Unusual Punishment.

C.) Defendant Michael C. Sayre (M.D.) Chief Medical Officer (C.M.O.), Failed as a Supervisory Personnel by demonstrating deliberate Indifference That Constituted Cruel and Unusual Punishment, In Not ordering and/or Contacting The Warden Of Pelican Bay State Prison

(27.) SECOND AMENDED COMPLAINT

1. FOR THE MAINTENANCE DEPARTMENT, TO Remove THE FOREIGN
2. CONTAMINANTS MOLD, FUNGI, and hazardous MATERIAL FROM
3. THE FACILITY "D" - building No. #1. "D" - Pod EXERCISE Yard
4. Plex - glass, WIRE SCREEN COVERING, Walls, and CONCRETE
5. FLOOR. ANY areas UTILIZED bY PLAINTIFF and OTHER PRISONERS
6. affecTing THEIR HEALTH and SAFETY.
7.        D.) DefendanT(s) Michael L. SAYRE (M.D.) Chief
8. Medical OFFICER (C.M.O.), SUE RISENHOOVER, FACILITY NURSE
9. PRACTITIONER (F-N-P.), James FLOWERS (R.N.) RegiSTERED
10. NURSE - VioLaTed PLainTiff's EighTh and FOURTEENTH
11. AmendmenTS, Showing deliberaTe INDIFFERENCE TO
12. SERIOUS medical NEEds ThaT CONSTITUTE CRUEL and UNUSUAL
13. PunishmenT bY THERE INTENTIONAL INFLICTION OF PAIN and
14. SUFFERING OF PlainTiff, bY denYing PROPER medical aTTenTiON
15. and TreaTmenT FOR FOREIGN ConTaminanTS maTerial, Mold,
16. FUNGi, hazardous bacTeRia on THE FACILITY "D" building
17. NO. #1 "D" - Pod EXERCISE Yard, Plexi - glass, WiRE SCREEN COVERING,
18. Walls, and CONCReTe FLOOR FROM 2006 To 2008 CausiNg
19. AsThma PaTienTS To be SubjecTed To harsh breaThing
20. PROblems, SeveRe ASThma ATTacks, wheezing, and dISRUPTiON
21. OF daily/NighTly ActiviTies.
22.
23.              SEVENTH CAUSE OF ACTION
24. EIGHTH AND FOURTEENTH AMENDMENTS ViOLATING
25. HEALTH AND SAFETY DELiBERATE INDIFFERENCE
26. CRUEL AND UNUSUAL PUNiSHMENT
27.
28.     50.) PLAINTIFF alleges and INCORPORATES bY REFERENCE

1. To Paragraphs __7__ Through __72__ of The Complaint.

2.     A.) Defendant(s) Michael C. Sayre Sue Risenhoover and

3. James Flowers acting in Their official and Individual

4. Capacities as Medical Personnel Through Their actions

5. and Inactions violated Plaintiff Eighth and Fourteenth

6. Constitutional Rights To be Free From Deliberate Indifference

7. That has Constituted Cruel and unusual Punishment by

8. Failing To Prevent and Properly Treat an Ongoing Health

9. and Safety Issue Fully Identified To Them In 2006

10. Through 2008 In Facility "D"- building No. #1 - "D"- Pod On The

11. Exercise Yard Plexi-Glass Wire Screen Covering Walls and

12. Concrete Floors That holds Foreign Contaminants mold

13. Fungi and hazardous Materials That have and do Affect

14. Plaintiff as an Asthmatic Patient and demonstrates That

15. Each defendant was Notified of These Health and Safety

16. Issues and Sufficient Culpable State of Mind In

17. Further allowing The deprivation To Take Place That

18. Affected Plaintiffs daily/Nighty Activities.

19.

20.            C A U S A T I O N

21.

22.     As a direct and Proximate Result of The Aforementioned

23. acts and omissions on The Part of defendant(s). Plaintiff

24. has suffered and Continues To Suffer General and

25. Special damages In an amount To be Proven at

26. Trial. Plaintiff has No Further Plain adequate or

27. Complete Remedy at Law To Redress The wrongs

28. described here In. Plaintiff has been and will continue

          ( 29 )   SECOND AMENDED COMPLAINT

1. To be IRReparablen INJuReD by The Conduct of DeFendanT(s)
2. unless The CouRT GRanTs The DeclaRaToRY and InJunctive
3. Relief which PlaintiFF Seek.

4.

5.                    C o n c l u s i o n

6.    WhereFore, PlaintiFF ReQuests That This HonoRable couRT
7.    GRanT The Following RelieF :

8.

9.         A.) Issue DeclaRtoRY JudGment That The DeFendanT(s)
10.   Violated Title 15, California Code oF Regulations, California
11.   State Laws and united States Constitution when They ...
12.         1.) Violated PlaintiFF's Established FiRst AmendmenT
13.   RishT, under The California and united States Constitutions.
14.         2.) Violated PlaintiFFs Established FiRst AmendmenT
15.   RishT, To File Inmate Appeal/GRievance To NotiFY and
16.   seek AdministRative Remedy To CoRRect Known Health
17.   hazaRds In PRison Setting.
18.         3.) Violated PlaintiFF Established FiRst AmendmenT
19.   RishT To File Inmate Appeal/GRievance To IdentiFY Health
20.   and SaFety Violations That aFFected PRisoneRs Health and
21.   SaFaTy.
22.         4.) Violated PlaintiFF established due PRocess
23.   PRotection RishTs, by Failing To INVESTiGate Inmate Appeal/
24.   GRievance Issue aFFecting The Health and SaFeTy
25.   Issues oF PRisoneRs.
26.         5.) Violated PlaintiFF Established EighTh AmendmenT
27.   RishT, To MaintaiN PROPER SaniTation Conditions and
28.   Failure To Clean up hazaRdous and Contaminants

                  ( 30. )   SECOND AMENDED COMPLAINT

1. MATERIAL OFF THE EXERCISE YARD, PLEXI-GLASS, WIRE SCREEN
2. COVERING, WALLS, AND CONCRETE FLOORS. FAILURE TO CLEAN,
3. DISMANTLE, REPLACE, OR STEAM CLEAN THE POD AND EXERCISE
4. YARD, CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT.

5.       6.) VIOLATED PLAINTIFF ESTABLISHED DUE PROCESS
6. PROTECTION RIGHT, IN FAILURE TO PROPERLY PERFORM DUTIES
7. AS AN EMPLOYEE ASSIGNED TO RESPOND TO INMATE APPEAL/
8. GRIEVANCES BY THROUGH INVESTIGATION OF THE ISSUES CLAIMED
9. TO BE AFFECTING PRISONERS HEALTH AND SAFETY.

10.       7.) VIOLATED PLAINTIFF ESTABLISHED DUE PROCESS
11. PROTECTION RIGHT, BY SUBMITTING KNOWN FALSE INMATE
12. APPEAL/GRIEVANCE DECISIONS WITHOUT A PROPER INVESTIGATION.

13.       8.) VIOLATED PLAINTIFF ESTABLISHED EIGHTH AMENDMENT
14. BY DEMONSTRATING DELIBERATE INDIFFERENCE TO SERIOUS
15. MEDICAL PROBLEMS AFFECTING HEALTH AND SAFETY ISSUES
16. UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES
17. CONSTITUTION.

18.       9.) VIOLATED PLAINTIFF ESTABLISHED EIGHTH AMENDMENT
19. AND FOURTEENTH AMENDMENT RIGHTS, TO BE FREE FROM
20. DELIBERATE INDIFFERENCE TO KNOWN CONTAMINANTS MOLD,
21. FUNGUS, AND HAZARDOUS FOREIGN MATERIALS THAT PAIN
22. AND SUFFERING TO ASTHMA PATIENTS BY FAILURE TO
23. EXAMINE CLEAN OR REMOVE HAZARDOUS MATERIALS.

24.       10.) VIOLATED PLAINTIFF ESTABLISHED EQUAL PROTECTION
25. RIGHTS, AS A PRISONER UNDER ARTICLE I, SECTION 7 OF THE
26. CALIFORNIA CONSTITUTION AND FOURTEENTH AMENDMENT
27. OF THE UNITED STATES CONSTITUTION.
28.

NAME: _Michael M. Cooperwood_

CDC NO: _C-54611_    HOUSING: _D1-214_

PELICAN BAY STATE PRISON

PELICAN BAY STATE PRISON
5905 Lake Earl Dr.
Crescent City CA 95532



UNITED STATES POSTAGE
PITNEY BOWES
$ 05.05⁰
02 1M          JUN 20 2008
0004217666
MAILED FROM ZIP CODE 95531

U.S. Northern Dist. of Ca.
280 "S" First Street, #2112
San Jose, Ca. 95112-3008

A.) GRANT COMPENSATORY DAMAGES IN THE
AMOUNT OF #1,000,000  FOR PAIN AND SUFFERING AGAINST
EACH DEFENDANT(S) BOTH JOINTLY AND SEPARATELY.

B.) GRANT JUDGMENT OF PUNITIVE DAMAGES
IN THE AMOUNT OF  #1,000.00 DOLLARS PER DAY FROM EACH
DEFENDANT.

C.) GRANT COMPENSATORY DAMAGES IN THE
AMOUNT OF #1,000,000 FOR CRUEL AND UNUSUAL PUNISHMENT
AGAINST EACH DEFENDANT(S).

D.) TRIAL BY JURY ON ALL ISSUES TRIABLE
BY JURY.

E.) JUDGMENT AGAINST EACH DEFENDANT FOR
THE COST OF THE LAWSUIT.

F.) REASONABLE ATTORNEY FEES AS PROVIDED
BY 42 U.S.C. § 1988.

G.) SUCH OTHER AND FURTHER RELIEF THIS
COURT MAY DEEM JUST, PROPER AND EQUITABLE.

DATED: JUNE 16, 2008        [S] Michael Mutawally Coe Permanent
                            Michael Mutawally Cooperative D

                            IN PRO. PER.

[32.) SECOND AMENDED COMPLAINT