NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MUTAWALLY COOPERWOOD,<br><br>                 Plaintiff,<br><br>  vs.<br><br>BOB MCKINNEY, et al.,<br><br>                 Defendants. | No. C 07-05417 JF (PR)<br><br>ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK<br><br>(Docket No. 32) |

Plaintiff, a California prisoner incarcerated at the Pelican Bay State Prison ("PBSP"), filed in pro se the instant civil rights action pursuant to 42 U.S.C. § 1983 against PBSP prison officials. Plaintiff was granted leave to proceed in forma pauperis. The Court dismissed Plaintiff's original and first amended complaint. Plaintiff's second amended complaint ("SAC") (Docket No. 30) is now before the Court for initial review. The Court will also address Plaintiff's "motion for preservation of tangible items" in this order. (Docket No. 32.)

///

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff complains that the PBSP's Security Housing Unit ("SHU") and on the SHU's exercise yard are "in serious need of proper maintenance and repair work" and have problems with the "heating system, ventilation system, plumbing, electrical outlets, [and] drainage system." (SAC 9.) In particular, Plaintiff claims that the "acrylic plastic sheet (plexi-glass) and metal screen safety covering" of the Facility D exercise yard shows "numerous unknown foreign contaminants[,] mold, fungi and organism material." (Id.) Plaintiff claims these foreign contaminants blow through the air and into the air vents, and are the cause of severe asthma attacks.

Plaintiff claims that Defendants violated his First, Eighth and Fourteenth Amendment rights by failing to properly investigate his grievances with respect to the offending plex-glass. Plaintiff claims that Defendants' failure to address his concerns subjected him to cruel and unusual punishment because he was exposed to and was harmed by hazardous conditions. Plaintiff also claims that the medical personnel acted

1  with deliberate indifference in failing to properly treat his serious asthmatic condition due
2  to the exposure to the foreign contaminants.  Liberally construed, these claims are
3  cognizable under § 1983.
4      Plaintiff's motion for preservation of tangible items (Docket No. 32) is
5  GRANTED.  The Court directs Respondent to take steps to preserve all evidence relevant
6  to Plaintiff's claims in the care, custody, or control of PBSP until further order of this
7  Court.

## CONCLUSION

10      For the reasons stated above, the Court orders as follows:
11      1.  The Clerk of the Court shall issue summons and the United States Marshal
12  shall serve, without prepayment of fees, a copy of the **second amended complaint**
13  (Docket No. 30), all attachments thereto, and a copy of this order upon Plant Operations
14  Supervisor of Building Trades **Bob McKinney**, Chief Medical Officer **Michael C. Sayre**,
15  Facility Nurse Practitioner **Sue Risenhoover**, Registered Nurse **J. Flowers**, Correctional
16  Officer **D. Methfor**, Correctional Officer **M. Cuthbertson**, and Facility Captain **R.
17  Pimental** at **Pelican Bay State Prison**, and Chief Inmate Appeals Branch Officer **N.
18  Grannis** at the Department of Corrections and Rehabilitation in Sacramento.  The Clerk
19  shall also mail courtesy copies of the Complaint and this order to the California Attorney
20  General's Office.
21      Defendants not named in an amended complaint are no longer defendants.  See
22  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  Accordingly, Defendants
23  **Robert Tilton**, **Robert Sillen**, **Robert A. Horel**, and **C. Scavetta** are **DISMISSED** from
24  the instant action.
25      2.  No later than **sixty (60) days** from the date of this order, Defendants shall
26  file a motion for summary judgment or other dispositive motion with respect to the claim
27  in the complaint found to be cognizable above.
28          a.  If Defendants elect to file a motion to dismiss on the grounds that

Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

        b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

        a.     In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      4.      Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

      5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      6.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

      8.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a

1  timely fashion. Failure to do so may result in the dismissal of this action for failure to
2  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4      IT IS SO ORDERED.
5  DATED: 11/12/08

   _____
   JEREMY FOGEL
   United States District Judge